All-Weld, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued December 9, 1977, before Judges CRUM-ISH, JR., MENCER and BLATT, sitting as a panel of three.

*Rudolph J. DiMassa,* with him *DiMassa, Grasberger & Marinelli,* for appellant.

*William G. Dade,* Assistant Attorney General, with him *Charles S. Solit,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, March 30, 1978:

All-Weld, Inc. (All-Weld) appeals from a decision of the Pennsylvania Prevailing Wage Appeals Board (Board) which affirmed a determination by the Secretary of Labor and Industry (Secretary) that All-Weld had failed to pay the prevailing wage to certain of its workers and ordered it to compensate them for the amount of the underpayments.

Four former All-Weld employes filed wage claim certifications with the Department of Labor and In-

dustry (Department) in September and October of 1974 alleging that they had not received the minimum wage rate while doing steel erection work at the Quakertown Junior High School during August, 1973. These claims were not timely filed "within three months from the date of the occurrence of the incident complained of" as provided in Section 11 (b) of the Pennsylvania Prevailing Wage Act[1] (Act), 43 P.S. §165-11(b). Nevertheless, in November, 1975, the Secretary issued notice to All-Weld that a hearing had been set for January 9, 1976 to investigate the workers' claims.[2] At the request of All-Weld's counsel, the hearing was continued until February 6, 1976. A second request for continuance was denied, and representatives of All-Weld appeared at the hearing without counsel. After taking testimony on the alleged underpayments, the hearing examiner recommended to the Secretary that All-Weld be found to be an unintentional violator of the Act and that it be ordered to pay the four workers the difference between the prevailing wage rates and the rates actually received by them.[3] The Secretary adopted the findings of fact and the recommendation of the hearing

[1] Act of August 15, 1961, P.L. 987, as amended, 43 P.S. §165-1 et seq.

[2] Subsequent to receiving the workers' complaints, a Department field investigator audited All-Weld's payroll records and determined that the prevailing wage rates had not been paid. This Court has previously held that the Secretary is empowered to authorize field inspectors to audit payroll records, whether or not a worker has filed a wage claim certification, and to proceed with an investigation. Pennsylvania Prevailing Wage Appeals Board v. Steve Black, Inc., 27 Pa. Commonwealth Ct. 21, 365 A.2d 685 (1976).

[3] The hearing examiner determined that the following amounts should be paid by All-Weld: Robert Reiner—$644.20, Jeffery S. Hamilton—$122.05, William Reiner—$157.96, David C. Berzinski—$162.06.

examiner, and the Board affirmed the Secretary's decision.

Section 44 of the Administrative Agency Law,[4] 71 P.S. §1710.44, limits our scope of review to a determination of whether or not the findings of fact are supported by substantial evidence, whether or not an error of law was committed, or whether or not the appellant's constitutional rights were violated.

We have scrutinized the hearing examiner's findings of fact, which have been adopted by both the Secretary and the Board, and our review of the record discloses that these findings are adequately supported by substantial evidence. All-Weld has contended that it was denied due process of law because it was not given proper notice of the charge, that certain findings were based upon hearsay, and that the denial of a second continuance deprived it of the opportunity to defend itself. We are unable to find merit in these arguments. All-Weld was timely notified in writing that "a hearing will be held for the purpose of receiving testimony that the prevailing minimum wage rates predetermined by the Secretary of Labor and Industry have not been paid" to the four named individuals who worked on the Quakertown school. This notice sufficiently informed All-Weld of the charges against it. On the issue of the rates paid to the workers and the hours which they worked, a field investigator testified with respect to his audit of All-Weld's payroll records, and his report was properly admitted into evidence. Additionally, two of the four workers testified with respect to their rates and hours worked. We cannot agree with All-Weld that the testimony of all four

---

[4] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

workers was required to substantiate the hearing examiner's findings. Finally, we do not believe that All-Weld was denied an opportunity to present a defense simply because the Secretary refused to grant its counsel a second continuance. The power to grant or refuse a continuance is an inherent power of an administrative agency, and the denial of a requested continuance will be grounds for reversal only where there has been an abuse of discretion, considering chiefly whether the interests of justice have been furthered. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). We find no abuse of discretion under the circumstances here. Consequently, we will affirm the Board's determination that All-Weld committed an unintentional violation of the Act.

That portion of the Board's decision, however, which affirms the order that All-Weld compensate the workers for the amount of the underpayments must be reversed. Section 11 of the Act, 43 P.S. §165-11, establishes the remedies and penalties which may be imposed upon employers who are found by the Secretary to have paid their workers less than the prevailing wage. Certain penalties apply to those who have unintentionally violated the Act and certain others are applicable when the violation is intentional. Section 11(d), 43 P.S. §165-11(d) provides:

> (d) In the event that the secretary shall determine, after notice and hearing as required by this section, that any person or firm has failed to pay the prevailing wages and that *such failure was not intentional, he shall afford such person or firm a reasonable opportunity to adjust the matter by making payment* or providing adequate security for the pay-

ment of the amounts required to be paid under this act as prevailing wages to the workmen affected on such terms and conditions as shall be approved by the secretary. (Emphasis added.)

Neither this nor any other provision of the Act gives the Secretary the authority to *order* compliance, and he must, therefore, afford All-Weld a reasonable opportunity to make payments to the workers. Section 11(h)(2) of the Act, 43 P.S. §165-11(h)(2), provides that only after (1) there has been a proper finding of an underpayment, (2) the employer is given an opportunity to correct the matter, and (3) "there shall be a subsequent failure of such person or firm to comply with any opportunity to adjust any differences which shall be afforded him by the secretary," does the Secretary have "substantial evidence of *intentional* failure to pay prevailing wage rates." As clearly provided by the Act, these three steps must precede any action by the Secretary to recover the amount of the underpayments. The employer is liable to the Commonwealth for damages in the amount of the underpayments only if the employer *intentionally* failed to pay the prevailing wage as provided in Section 11(f), 43 P.S. §165-11(f), and even then the Secretary is given only the authority to request the Attorney General "to proceed to recover the penalties for the Commonwealth of Pennsylvania which are payable under subsection (f)." 43 P.S. §165-11(e).

While it may not be the most efficient method of ensuring compliance with the Act, the procedure for imposing penalties is unambiguously set forth in Section 11, and does not give the Secretary the authority to order compliance in cases in which the violation was unintentional. Any modification of the

procedure must be accomplished by our legislature, and this Court is compelled, therefore, to reverse the Board's decision to the extent that it orders payment by All-Weld.

ORDER

AND Now, this 30th day of March, 1978, the decision of the Pennsylvania Prevailing Wage Appeals Board finding All-Weld, Inc. to be an unintentional violator of the Prevailing Wage Act is hereby affirmed, but the order that All-Weld, Inc. pay the sum of $1086.27 for wages due to four of its former employes is hereby reversed.