Bill BRANNAN *v.* William F. EVERETT, Director of Labor

E 81-206                                            636 S.W.2d 301

Court of Appeals of Arkansas
Opinion delivered June 30, 1982
[Rehearing denied August 18, 1982.]

*Don K. Barnes* and *Mary Ann Spencer* of *Central Arkansas Legal Services, Inc.,* for appellant.

*Alinda Andrews,* for appellee.

JAMES R. COOPER, Judge. This is the second appeal involving unemployment benefits paid to the appellant. In the first appeal, *Brannan* v. *Everett, et al,* No. E 81-144 (affirmed without opinion, December 16, 1981), this Court affirmed a decision of the Board of Review which found that appellant was ineligible to receive unemployment benefits. The appeal of the first case was lodged in this Court on May 20, 1981. On May 21, 1981, the agency mailed an overpayment determination to the appellant. The appellant appealed the Agency decision, and alleged that any decision regarding overpayment was premature, since the ultimate question of his eligibility had not been finally decided, and an appeal was pending on that question. The Appeal Tribunal proceeded to have a hearing, and determined that appellant had been overpaid benefits in the amount of $2,562.00, and that it would not be against equity and good conscience to require him to repay that amount. The Board of Review affirmed the Appeal Tribunal in a decision on July 16, 1981. The case at bar is an appeal from the final decision of the Board of Review concerning repayment of benefits.

Appellant does not contend that the Agency lacked the authority or that it was without jurisdiction to hold a hearing prior to a decision by this Court on the eligibility issue. The appellant alleges that the question of overpayment was *decided* prematurely. We agree with that contention made by the appellant.

Appellant's position seems to be that a continuance should have been granted until after this Court had decided his first case. The granting or denial of a continuance is generally left to the discretion of the presiding official. In *Johnson* v. *Coleman,* 4 Ark. App. 58, 627 S.W.2d 564 (1982), this Court stated:

> Whether a motion for continuance should be granted is addressed to the discretion of the trial judge, and his decision will not be overturned unless that discretion is manifestly abused. *Rawhide Farms, Inc.* v.

*Darby,* 267 Ark. 776, 589 S.W.2d 210 (Ark. App. 1979). Moreover, the Supreme Court has held that such a ruling will not be disturbed on appeal unless there is evidence that the trial judge acted arbitrarily or capriciously. *Bolden* v. *Carter,* 269 Ark. 391, 602 S.W.2d 640 (1980).

The power to grant or to refuse a continuance is an inherent power of an administrative agency and the denial of a requested continuance is grounds for reversal only where there is an abuse of discretion, considering chiefly whether the interests of justice have been furthered. *See All-Weld, Inc.* v. *Commonwealth of Pennsylvania, Department of Labor and Industry,* 34 Pa. Commw. Ct. 482, 383 A.2d 982 (1978).

We hold that, on these facts, the Agency should not have made a final decision regarding appellant's liability for repayment of benefits when the ultimate question of his eligibility had not yet been resolved. We do not mean to imply that the Agency was without authority or jurisdiction to hold a hearing on the question of repayment, but only that a final determination as to his repayment liability was premature. If the case were decided otherwise, it is easy to see how appellant could, theoretically, be required to repay benefits to the Agency based on a hearing such as this one, when ultimately it might be decided on appeal that he was, in fact, eligible for the benefits.

The second point urged for reversal is that the appellant should not be held to have to repay the benefits in question, since such a requirement would result in great hardship to him. This case is being reversed and remanded for a hearing consistent with this opinion, and therefore it is unnecessary and would be improper for us to make any decision regarding the equity and good conscience involved in requiring appellant to repay the benefits. The appellant did not offer any evidence to indicate his financial ability to repay the amounts in question, and on remand, he will be entitled to do so. The Board will then have facts before it upon which it can make a decision under the statute.

Reversed and remanded.