## Walter THURMAN *v.* DIRECTOR OF LABOR

E 82-114                                                642 S.W.2d 323

Court of Appeals of Arkansas
Opinion delivered November 17, 1982

MELVIN MAYFIELD, Chief Judge. The Employment Security Division made a determination that the appellant in this case had received $117.00 in unemployment benefits to which he was not entitled. The overpayment resulted from the payment of $53.00 each week for a period of nine weeks when, according to the agency's contention, the weekly payments should have been reduced to $40.00 under Section 3 (h) of the Employment Security Law, Ark. Stat. Ann. § 81-1104 (Supp. 1981), because appellant had previously quit a base-period employer without good cause connected with the work. However, that *overpayment* determination was appealed to the Appeal Tribunal which issued a decision on January 25, 1982, holding against the agency's contention.

In the meantime, the agency had notified appellant that he was liable to repay the $117.00 and that *repayment* determination was appealed to the Appeal Tribunal and was set for hearing on January 28, 1982. At that hearing the referee found it would not be against equity and good conscience to require repayment of the $117.00. He ex-

plained, however, that although the base-period employer still had the right to appeal the tribunal's January 25 decision holding that appellant had not been overpaid, it might be best for appellant to delay making any repayment because there probably would be no repayment due.

Nevertheless, the referee issued his decision that appellant was liable for repayment and that decision was affirmed by the Board of Review without any reference to the status of the overpayment determination. The board's repayment decision is now before us for review.

In *Brannan* v. *Everett*, 5 Ark. App. 271, 636 S.W.2d 301 (1982), the appellant contended the Appeal Tribunal's hearing on repayment was premature because the issue of overpayment was still on appeal. In sustaining that contention, we said:

> We hold that, on these facts, the Agency should not have made a final decision regarding appellant's liability for repayment of benefits when the ultimate question of his eligibility had not yet been resolved. We do not mean to imply that the Agency was without authority or jurisdiction to hold a hearing on the question of repayment, but only that a final determination as to his repayment liability was premature. If the case were decided otherwise, it is easy to see how appellant could, theoretically, be required to repay benefits to the Agency based on a hearing such as this one, when ultimately it might be decided on appeal that he was, in fact, eligible for the benefits.

Although the appellant in the instant case did not raise the issue in the hearing before the referee, the issue was raised by the referee himself and we think the reasoning and the holding in *Brannan* apply with equal force here. Even as this opinion is being written the issue may be moot. It could save the time, effort, and expense of the referee, the board, and this court to wait until the overpayment issue is finally determined.

The decision of the Board of Review is reversed and the matter is remanded with directions that a new hearing be held on the issue of repayment in the event the appeal of the overpayment issue is finally decided in favor of the agency.

Reversed and remanded.