Cite as 2023 Ark. App. 167

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-82

| | | |
|---|---|---|
| KIZZIE MCDOWELL | | Opinion Delivered March 15, 2023 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | |
| | | [NO. 2021-BR-04702] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | REVERSED AND REMANDED |
| | APPELLEE | |

## WAYMOND M. BROWN, Judge

This is an unbriefed unemployment benefits case. Appellant Kizzie McDowell (McDowell) appeals the Arkansas Board of Review's (the Board's) determination finding that she is liable to repay $3,290 in unemployment benefits to the Department of Workforce Services (DWS). We do not reach the merits here and instead reverse and remand this case as the appeal is premature.

On April 3, 2020, McDowell filed an initial claim for unemployment benefits. From that claim, McDowell received benefits for the week ending July 11, 2020, through the week ending October 31, 2020, totaling $3,290. Thereafter, the Division issued a determination on June 3, 2021, denying McDowell benefits under Ark. Code Ann. § 11-10-513(a) (Supp. 2021) on finding that McDowell "voluntarily left last work without good cause connected with the work due to an illness, pregnancy, or disability of themself or that of an immediate

family member but without making reasonable efforts to preserve her employment prior to leaving pursuant to Ark. Code Ann. § 11-10-5-l3(b)." That determination led to the overpayment. Following this, McDowell filed an untimely appeal of that determination, and the Appeal Tribunal (Tribunal) issued a decision in appeal No. 2021-AT-17302 finding that the untimely filing of the appeal was not due to circumstances beyond her control. In response, McDowell timely appealed the Tribunal's decision to the Board, which reversed the Tribunal's decision and remanded the case to the Tribunal with instructions to conduct a hearing regarding McDowell's separation from work.

Now, specific to the case before us, on July 30, 2021, McDowell was issued a notice of non-fraud overpayment determination, finding that she was liable to repay $3,290 in benefits pursuant to Ark. Code Ann. § 11-10-532(b) (Supp. 2021). In response, McDowell filed a timely appeal of this determination to the Tribunal, which conducted a hearing on August 31, 2021, and affirmed the Division's determination in appeal No. 2021-AT-17304. Following this, McDowell timely appealed the Tribunal's decision to the Board.

The Board, in appeal No. 2021-BR-04702, affirmed the Tribunal's determination finding that

> [a]lthough the Board in Appeal No. 2021-BR-04701 remanded the case to the Appeal Tribunal with instructions to conduct a hearing regarding the claimant's separation from work, the Notice of Agency Determination is still in effect as of the date of this decision. As such, the overpayment is still in effect. The overpayment was not the direct result of an error by the Division and an equity and good conscience review is not warranted. Therefore, the decision of the Appeal Tribunal in Appeal No. 202 l-AT-17304 is affirmed on finding that the claimant is liable to repay benefits.

2

We disagree. From our review of the record, deciding McDowell's liability for repayment here would be premature, when the ultimate question of McDowell's eligibility has not been decided, and an appeal is pending on the resolution of this question.[1] As the record reflects, The Board remanded appeal No. 2021-AT-17302 to determine whether McDowell "voluntarily left last work without good cause connected with the work due to an illness, pregnancy, or disability of themself or that of an immediate family member, but without making reasonable efforts to preserve her employment prior to leaving pursuant to Ark. Code Ann. § 11-10-5 l3(b)." The finality of that appeal directly impacts the appeal before us because it addresses what caused the alleged overpayment of benefits.[2]

Thus, because the hearing on repayment, was premature, we reverse and remand for a new hearing once the eligibility determination in appeal No. 2021-AT-17302 has been resolved and become final for appellate purposes.

Reversed and remanded.

VIRDEN and GRUBER, JJ., agree.

*Kizzie McDowell*, pro se appellant.

---

[1]*Brannan v. Everett*, 5 Ark. App. 271, 636 S.W.2d 301 (1982) (holding that a final decision regarding the appellant's liability for repayment of benefits was premature when the ultimate question of his eligibility had not yet been resolved); and *Thurman v. Everett*, 6 Ark. App. 340, 342, 341, 642 S.W.2d 323, 324 (1982) (reversing and remanding for a new hearing on "the issue of repayment in the event the appeal of the overpayment issue is finally decided in favor of the agency," even though appellant neither raised the issue in the hearing nor filed a brief and recognizing that even as the opinion was being written "the issue may be moot").

[2]*Holloway v. Dir.*, 2012 Ark. App. 635, at 2–3.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.