SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-13-286

|  |  |
|---|---|
| SHAUNYA FRAYSHER<br>APPELLANT | **Opinion Delivered** October 23, 2013 |
| V. | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 13-BR-00020] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>DARLING STORE FIXTURES<br>APPELLEES | REMANDED FOR ADDITIONAL<br>FINDINGS |

## KENNETH S. HIXSON, Judge

Shaunya Fraysher appeals from a decision of the Board of Review, which denied her claim for unemployment benefits. We remand to the Board for additional findings of fact.

Ms. Fraysher was laid off from Darling Fixtures and began collecting unemployment benefits. Sometime thereafter, she started attending classes at Black River Technical College. While still enrolled in school, Shaunya was offered a job to return to work for Darling, but she refused the offer of employment. The Appeal Tribunal determined that Shaunya was disqualified from benefits under Ark. Code Ann. § 11-10-515(a)(1)(A)(ii) (Repl. 2012) because she failed without good cause to accept suitable work when offered. The Board affirmed and adopted the Tribunal's findings, and also made some additional findings.

Shaunya testified that she had been laid off from Darling several times before and that she anticipated future layoffs. She stated that the current offer of employment was for

seventy-two hours per week. Shaunya informed Darling that she could work sixty-eight hours per week, but would need to leave two hours early on two days per week to continue her education. Shaunya was told by Darling that leaving work early on these days would lead to demerits and her ultimately being fired. Shaunya was under an approved Workforce Investment Act (WIA) training agreement, and she indicated that she did not want to quit school and waste the financial assistance she had received. She also said she carried a 4.0 grade average and wanted to complete her education to enhance her employment opportunities. Shaunya stated that she spoke with persons from the department in the Little Rock office, who advised her that she was in a job-approved training program and was not required to look for work, and recommended that she decline the work offer and finish school. Shaunya chose to decline the offer of employment because it was incompatible with her class schedule.

Generally, a person who declines a work offer is not eligible for benefits. However, there are exceptions to this general rule. Arkansas Code Annotated section 11–10–515(b)(1) provides that no individual shall be disqualified from the receipt of benefits for any week in which she is in training with the approval of the director. Subsection (b)(2) sets forth the criteria for the director to consider in deciding whether to approve a claimant's training, and it includes such things as the nature of the training, the aptitude of the claimant, and her attendance and progress. Moreover, Arkansas Code Annotated section 11–10–507(3)(B), cited by the Board, provides:

> Persons who are on layoff and who are attending a state vocational school for the purpose of upgrading or improving their job skills shall be considered available for employment so long as they make reasonable efforts to secure employment unless, or until, they refuse suitable employment or referral or recall to suitable work. However,

2

SLIP OPINION

no otherwise eligible individual shall be denied benefits with respect to any week in which she is in training with the approval of the director[.]

Here, the Board found that, although Shaunya attended school in accordance with an approved WIA plan, she refused an offer of suitable work when her employer recalled her from a layoff. In reaching its decision to deny benefits, the Board further concluded:

> As the claimant admitted she worked while attending school in the past, and the information she provided to the Department indicated the rate of pay would not change, the Board finds that claimant refused an offer of suitable work because it conflicted with her classes at the technical college she attended in violation of Ark. Code Ann. § 11-10-507(3)(B). Accordingly, the Board finds that the claimant failed to establish good cause for refusing to accept an offer of available work.

Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Vallaroutto v. Alcoholic Beverage Control Bd.*, 81 Ark. App. 318, 101 S.W.3d 836 (2003). It is the responsibility of the state agency to make findings of fact, and this court cannot review an agency decision in the absence of adequate and complete findings on all essential elements pertinent to the determination. *Sw. Bell Tel., L.P. v. Dir., Ark. Empl. Sec. Dep't*, 88 Ark. App. 36, 194 S.W.3d 790 (2004).

Pursuant to our statutes, if Shaunya was in training with the approval of the director she should not have been disqualified from receiving benefits. In its decision denying benefits, the Board's considerable discussion does not specifically address this issue, although it did adopt the findings of the Tribunal, and the Tribunal stated that Shaunya is not in the type of training to be exempt from accepting work offers. However, we have held that a conclusory statement by the Board that does not detail or analyze the facts upon which it is based is not sufficient. *See Sw. Bell, supra.* In this case, the Board did not set forth a factual basis for

3

SLIP OPINION

concluding that Shaunya's training was without the approval of the director. Because the basis for the Board's conclusion on this critical issue was not revealed, and we are unable to determine the facts upon which the Board relied in reaching its decision, we remand for the Board to make further findings on whether the claimant was in training with the approval of the director as contemplated by Arkansas Code Annotated section 11–10–515(b).

Remanded for additional findings.

WALMSLEY and BROWN, JJ., agree.

*Shaunya Fraysher*, pro se appellant.

*Phyllis Edwards*, for appellee.