Cite as 2024 Ark. App. 215

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. E-23-8

| | |
|---|---|
| CHRISTOPHER HALL<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered March 27, 2024<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br><br>[NO. 2022-BR-01939]<br><br>AFFIRMED IN PART; REMANDED IN PART |

## WENDY SCHOLTENS WOOD, Judge

Christopher Hall appeals the decision of the Board of Review (Board) affirming an Appeal Tribunal (Tribunal) finding that he is liable to repay $2,904 in overpaid unemployment benefits. We affirm in part and remand in part.

On July 5, 2022, the Arkansas Division of Workforce Services (DWS) issued a notice of agency determination to Hall finding that he was not disqualified from benefits but that "because the earnings amounts are not correct [he] may have been overpaid benefits in which case a Notice of Non Fraud Overpayment Determination will be issued." The July 5 notice went on to inform Hall that if he "disagree[d] that the earnings amounts are incorrect [he] should file an appeal." Hall did not timely appeal the initial determination, and the Tribunal dismissed his claim. The Board affirmed the Tribunal's dismissal. Hall appealed the Board's decision, which we affirm without opinion today in *Hall v. Director* (E-23-7).

On August 11, DWS issued a notice of nonfraud overpayment determination finding that Hall was required to repay $2,904 in unemployment benefits that he received for the weeks ending April 4 through April 25, 2020. Hall timely appealed this determination to the Tribunal. The Tribunal held a hearing on September 6, and Hall testified about his misunderstanding that he was also required to report earnings from a separate employer, saying that he "thought [i]t was a separate, completely-unrelated matter." The Tribunal affirmed DWS's determination, finding that Hall incorrectly reported his earnings, which caused the overpayment, and that the overpayment was not the direct result of DWS error. Hall appealed to the Board, which affirmed the Tribunal, finding that the overpayment of benefits was not due to agency error but due to claimant's misreporting; thus, "there is no consideration of waiver." Hall brings this appeal of the Board's decision finding him liable to repay the overpayment of benefits totaling $2,904.

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, at 1, 575 S.W.3d 186, 187. Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.*, 575 S.W.3d at 188. In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* at 1–2, 575 S.W.3d at 188. Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision on the basis of the evidence presented. *Id.* at 2, 575 S.W.3d at 188. However,

our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Id.* at 2, 575 S.W.3d at 188.

This court's decision in *Carman v. Director* confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman v. Dir.*, 2023 Ark. App. 51, at 7, 660 S.W.3d 852, 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that the repayment of Federal Pandemic Unemployment Compensation (FPUC) benefits may be waived if the State determines that the payment of the FPUC benefits was without fault on the part of the worker and that repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)).

The record indicates that Hall received regular state unemployment benefits totaling $504 and FPUC benefits totaling $2,400 between April 4 and April 25, 2020. Because the Board found that the overpayment of state unemployment benefits was not due to agency error, substantial evidence supports its decision requiring Hall to repay the $504 in regular state unemployment benefits that he received between the weeks ending April 4 and April 25, 2020.

In addition, Hall received FPUC benefits totaling $2,400 during that time. However, the Board failed to make any findings regarding the federal-benefit-waiver analysis outlined in *Carman*. If adequate findings of fact are not made on the issue presented, we remand to

the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law, utilizing the federal-benefit-waiver analysis, regarding whether payment of the $2,400 in FPUC benefits that Hall received during the relevant time period was without fault on his part and, if so, whether repayment would be contrary to equity and good conscience.

Affirmed in part; remanded in part.

VIRDEN and KLAPPENBACH, JJ., agree.

*Christopher Hall*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.