BART F. VIRDEN, Judge
Appellant Tamica Hopkins appeals from the decision of the Arkansas Board of Review (Board), which affirmed and adopted the opinion of the Appeal Tribunal (Tribunal) denying her unemployment benefits on the basis that she was discharged from last work for misconduct connected with the work. Appellant alleges the Board and the Tribunal erred in finding that her firing was for misconduct and therefore finding her disqualified from receiving benefits. We reverse and remand.
Hopkins was employed by the Wynne School District as a teacher's aide. On June 19, 2018, the school board voted to discharge Hopkins due to her attendance. She was denied unemployment by the Department of Workforce Services (Department) and appealed the denial to the Tribunal, which held a telephone hearing on July 20, 2018.
Robbie Roach, principal of the junior high school, testified that the school district has an attendance policy, that the school district provided the policy to Hopkins, and that the policy indicates that an employee must "follow the protocol of being absent" and must not be absent over the permitted number of days. Roach further testified that Hopkins had not filed for leave pursuant to the Family Medical Leave Act, that Hopkins had accumulated eighteen and a half absences for the school year as of January 9, 2018, that she had received reprimands regarding her attendance, and that after the reprimands, she was absent an additional thirty-one days. Hopkins also testified, asserting that her absences were all due to personal illness and, therefore, were beyond her control and not willful.
The Tribunal affirmed the Department's denial of unemployment benefits under Arkansas Code Annotated section 11-10-514(a)(2) (Repl. 2015), finding that Hopkins was discharged for violating the employer's attendance policy. Hopkins timely appealed, and the Board affirmed and adopted the Tribunal's decision. Hopkins now appeals the Board's decision.
We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. Wilson v. Dir. , 2017 Ark. App. 171, 517 S.W.3d 427. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. Id. Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision it did based on the evidence before it. Id. Our function on appeal is not merely to "rubber stamp" decisions arising from the Board. Id.
Arkansas Code Annotated section 11-10-514(a) (Supp. 2017) provides in part:
(a)(1) If so found by the Director of the Department of Workforce Services, an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work.
(2) In cases of discharge for absenteeism, the individual shall be disqualified for misconduct in connection with the work if the discharge was pursuant to *527 the terms of a bona fide written attendance policy, regardless of whether the policy is a fault or no-fault policy.
(3)(A) Misconduct in connection with the work includes the violation of any behavioral policies of the employer as distinguished from deficiencies in meeting production standards or accomplishing job duties; and
(B) Without limitation:
(i) Disregard of an established bona fide written rule known to the employee; or
(ii) A willful disregard of the employer's interest.
Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. McAteer v. Dir. , 2016 Ark. App. 52, 481 S.W.3d 776. It is the employer's burden to establish misconduct by a preponderance of the evidence. Id. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. Id. There is an element of intent associated with a determination of misconduct. Id.
Here, the school district's policy for sick leave provides in pertinent part:
Each Classified employee will be allowed an accumulation rate of one (1) day of sick leave per month, or major portion thereof that the employee is contracted, at full pay.
....
When an employee finds he/she is to be absent from work, he/she shall notify their immediate supervisor as soon as possible. Failure of notification will result in loss of the employee's full pay for that day absent, even though the absence would normally fall under the provisions covered by this policy.
Absences for reasons not covered under the sick leave policy will be deducted at a rate of the employee's full pay for each day of absence.
The Board found that Hopkins was discharged for violating the employer's attendance policy. Section 11-10-514(a)(2) makes clear that in cases of discharge for absenteeism, an employee shall be disqualified for misconduct if the discharge was "pursuant to the terms of a bona fide written attendance policy." Here, the school had a written policy on absenteeism. However, the school's attendance policy did not provide for discharge for excessive absenteeism and instead provided for loss of pay for each day the employee is absent under the provision.
When the employer has no written policy or fails to follow its written policy, then the facts must be evaluated to determine whether the employee's behavior was a willful disregard of the employer's interest. Higgins v. Dir. , 2016 Ark. App. 449, 503 S.W.3d 833 ; Hernandez v. Dir. , 2015 Ark. App. 290, 461 S.W.3d 708. In Hernandez , the Board noted that, while the employer had a bona fide written attendance policy, the employer did not follow its policy as to Hernandez. As such, the employer was not entitled to rely on the no-fault provision of Ark. Code. Ann. § 11-10-514(a)(2). We ultimately affirmed the Board's denial of unemployment benefits in that case, but only because we found substantial evidence to support the Board's finding that Hernandez's continued absences, often without notice or an explanation, constituted a willful disregard of the duties and obligations owed to her employer and, therefore, amounted to misconduct *528 under the traditional definition of the term. Id. at 5-6, 461 S.W.3d at 711-12.
No such finding was made in this case, however. Because there was neither a showing that Hopkins's discharge was pursuant to a bona fide written attendance policy under section 11-10-514(a)(2) nor a finding that her conduct was willful under section 11-10-514(a)(3), the Board's decision cannot stand. Therefore, we reverse and remand for the Board to make a finding as to whether Hopkins's behavior was a willful disregard of the employer's interest.
Reversed and remanded.
Klappenbach and Whiteaker, JJ., agree.