Cite as 2021 Ark. App. 217

# ARKANSAS COURT OF APPEALS

DIVISION

No. E-20-278

| | | |
|---|---|---|
| CARLY BRIGHT | | **Opinion Delivered** May 5, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE |
| V. | | ARKANSAS BOARD OF REVIEW |
| | | [NO. 2020-BR-01079] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND CATFISH HOLE FAYETTEVILLE, INC. | | |
| | APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Carly Bright appeals the Board of Review's denial of her unemployment claim on the basis that she was discharged from work for misconduct connected to her work. The agency determination initially granted benefits finding that misconduct had not been established. The employer appealed to the Appeal Tribunal, and a hearing was conducted. Bright failed to appear for the hearing, but Marcia Williams, the front manager for Bright's former employer, Catfish Hole, appeared and testified. The Appeal Tribunal found that Bright had been discharged from last work for reasons other than misconduct, although it noted that Bright had been late in the past; had received verbal coaching from Williams; was absent on January 17, 2020 without notice; and had missed several other days in her scheduled shift. The employer appealed that decision to the Board of Review, which reversed that Appeal Tribunal decision and denied Bright unemployment benefits finding she was discharged from last work for misconduct connected to the work. Bright now

appeals to this court arguing there was not substantial evidence to support her discharge for misconduct. We affirm.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The reviewing court may not substitute its findings for the Board's, even though the court might have reached a different conclusion had it made an original determination on the same evidence. *Id.* Also, the credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. *Hopkins v. Dir.*, 2019 Ark. App. 84, 571 S.W.3d 524. It is the employer's burden to establish misconduct by a preponderance of the evidence. *Id.* Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.* There is an element of intent associated with a determination of misconduct. *Id.*

Bright was employed by Catfish Hole as a hostess since August 20, 2019. In her claimant statement, she stated that her last day of work was January 22, 2020, and she was discharged on January 24. In response to the question concerning the final incident that caused discharge, Bright wrote,

Sudden death of a friend and a coworker that passed on November 16, 2019. I had not been coping well with the grief I have and was slacking a bit as far as being 100 percent present, both mentally and some days physically if my depression was more intense. I was going to be late on my last day and was discharged.

Bright wrote that the incident that caused her discharge occurred on January 22. In a different section of her claimant statement, Bright was asked to explain in her own words why she was no longer working, and she wrote,

The sudden death of my best friend and coworker, Zach, was and has continued to be extremely difficult for me to sort through. I was diagnosed with clinical depression and anxiety in 2015, but it has intensified since Zach's death. I have taken action in seeking both mental/emotional and medical professionals for help but adjusting back to my "normal" life and self has taken more time than I would've liked. At the time of my discharge from my last job, I was had [sic] noticed myself constantly being forgetful which had begun to make me run late to places, get uncontrollably anxious or upset with myself for not being the organized and timely person I always am, or not perform certain actions correctly to my usual standard. On my last day of work, I had tried to call in for a sick day and was refused, so I explained to my manager that I would be late because I had been crying and was not mentally up-to-par for walking into my work environment, and my

3

manager told me to not come into work and later explained that my grief had compromised my value as an employee for the time being.

At the hearing before the Appeal Tribunal, Williams testified that Bright failed to show up for her scheduled work shift on Friday, January 17, 2020, and Bright had "that day, that Saturday, and that Sunday." Williams said prior to that, Bright had been absent or late on several occasions, she had talked to Bright about missing work or being late, and Bright had apologized and told Williams that she was having some issues. According to Williams, she told Bright that everyone had problems in life, but Bright was expected to be at work when she was scheduled; Bright acknowledged that she was aware of this expectation. Williams texted Bright when she did not show up for work, but Bright did not return her texts or answer her phone, and Bright did not call in to let Williams know why she was not coming into work at her scheduled time. Williams acknowledged that Bright's coworker had committed suicide and that Bright felt guilty because she had not answered a phone call from him on the night he took his life, but she stated that if an employee failed to show up for his or her scheduled work time, the employee would be dismissed, which Bright knew.

Bright first asserts that Williams's testimony at the Appeal Tribunal hearing at best indicates that she missed work on January 17, 2020, not the three-day period of January 17–19 the Board concluded she missed and which the Board determined was an intentional disregard of the employer's best interest. The record indicates that the hearing officer asked Williams how many days Bright missed, and Williams replied, "She had that day, that Saturday, the Sunday, but previously before that, she was late for work several times."

4

Bright failed to appear for the hearing to refute Williams's testimony. Reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings, we can reasonably conclude, as the Board did, that Williams meant Bright did not show up for all three days of work.

Bright argues that the denial of benefits should be reversed according to *Oliver v. Director*, 80 Ark. App. 275, 94 S.W.3d 362 (2002). In *Oliver*, the appellant accrued six absences between November 27, 2000, and November 19, 2001, and the explanations for the absences ranged from being late due to transportation issues to leaving early for doctor appointments or being absent for illness. Oliver was terminated due to her absences and was denied unemployment benefits. In reversing that decision, this court held that Oliver's absences did not amount to misconduct because the majority were due to sickness, which even the Board had recognized were beyond Oliver's control. Bright contends that the facts in *Oliver* are similar to her case because she also had "unique mitigating circumstances" due to her coworker's November 2019 suicide and the guilt she felt for not answering his phone call on the night he killed himself.

We disagree that *Oliver* is dispositive of the present case. Rather, the facts of this case are more akin to the facts in *Hernandez v. Director*, 2015 Ark. App. 290, 461 S.W.3d 708. In that case, Hernandez had missed multiple days of work over ten months of employment, and she failed to call or report to work on February 6, 7, 8, and 10, 2014. She was terminated on February 10 for excessive absenteeism. Although the employer had an attendance policy, it had not been followed with respect to Hernandez's absences. The court rejected Hernandez's contention that because the attendance policy was not followed

there could be no misconduct, holding that if the employer had no written attendance policy or failed to follow the written policy, the facts of the case must be evaluated to determine if the employee's behavior was a willful disregard of the employer's interest. This court affirmed the denial of benefits, holding that the absences were in disregard of the employer's interests, which constituted misconduct justifying the denial of unemployment benefits.

Here, no written attendance policy was presented. However, as in *Hernandez*, Bright's previous absences and tardiness, coupled with her failure to report to work for three days without calling or returning her manager's calls, were a disregard of her duties and obligations to her employer, which constituted misconduct. Because reasonable minds could reach the same conclusion, the Board's denial of benefits is supported by substantial evidence.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Jimmie Carl Bush*, for appellant.

*Cynthia Uhrynowycz*, Associate General Counsel, for appellee.