Cite as 2021 Ark. App. 270

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-20-361

| | | |
|---|---|---|
| | | **Opinion Delivered** May 26, 2021 |
| RHONDA BURGOS | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 20-BR-1516] |
| | | |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES, AND MAC MECHANICAL COMPANY | | |
| | APPELLEES | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Rhonda Burgos appeals from the Board of Review's denial of her unemployment claim on the basis that she was discharged from work for misconduct in connection with the work on account of dishonesty. On appeal, Rhonda asserts that her employer did not contest her right to unemployment benefits and argues that the Board's decision should be reversed. We agree, and we reverse.

Arkansas Code Annotated section 11-10-514(a)(1) (Supp. 2019) provides, "If so found by the Director of the Division of Workforce Services, an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work." Arkansas Code Annotated section 11-10-514(b)(1) provides, "If an individual is discharged from his or her last work for misconduct in connection with the work on account of dishonesty . . . he or she shall be disqualified until, subsequent to

the date of the disqualification, the individual has been paid wages in two (2) quarters for insured work totaling not less than thirty-five (35) times his or her weekly benefit amount."

Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. *Hopkins v. Dir.*, 2019 Ark. App. 84, 571 S.W.3d 524. It is the employer's burden to establish misconduct by a preponderance of the evidence. *Id.* Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.* There is an element of intent associated with a determination of misconduct. *Id.*

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Rhonda was employed as a bookkeeper for Mac Mechanical Company from April 4, 2019, until she was discharged on April 29, 2020. Rhonda filed for unemployment

2

benefits, and the Department of Workforce Services found that she was discharged for misappropriating company funds. On July 1, 2020, the Department denied benefits based on its finding that Rhonda was discharged from her work for misconduct on account of dishonesty. Rhonda appealed the Department's decision to the Appeal Tribunal.

On September 23, 2020, which was one day before the scheduled hearing before the Appeal Tribunal, counsel for Mac Mechanical wrote a letter to the Appeal Tribunal informing the Appeal Tribunal that it would not be attending the hearing and would not contest Rhonda's rights to receive unemployment benefits. Rhonda was the only witness to testify at the September 24, 2020 hearing. On September 25, the Appeal Tribunal issued a decision denying benefits based on its finding that Rhonda was discharged from her work for misconduct on account of dishonesty. The Board affirmed and adopted the Appeal Tribunal's decision.

At the hearing, Rhonda testified that she was informed that she was discharged for three reasons: making a personal transaction with the employer's credit card; receiving insurance benefits without the premiums being deducted from her paycheck; and being paid for overtime. However, Rhonda asserted that there was no willful intent on her part with respect to any of these issues. She stated that she subsequently resolved these issues to the satisfaction of Mac Mechanical, which was why it was not disputing her claim for benefits.

With respect to the credit-card transaction, Rhonda admitted that she inadvertently used the company credit card to make a personal purchase. However, she explained that she entered her credit-card information to make the purchase, but when she entered her employer's address as the mailing address for the item, the computer's memory must have

automatically defaulted to the company credit card without her noticing. Rhonda stated that she used her employer's address as the mailing address because the item was perishable. Rhonda stated that after she discovered this mistake, she went to her supervisor with the information, and they resolved the discrepancy.

With respect to her insurance benefits being paid by her employer for a period of time, Rhonda stated that she followed all procedures correctly and explained that this irregularity was due to a mistake by the insurance company. Rhonda asserted that this was resolved and that her employer withheld these funds from her last paycheck. Finally, with respect to the overtime pay, Rhonda stated that her employer had initially thought she did not work the hours but, after further investigation, agreed that the pay was legitimate.

Rhonda was the only witness to testify, and her testimony was the only evidence before the Board. It is the employer's burden to establish misconduct by a preponderance of the evidence. *Hopkins*, *supra*. The employer did not appear at the hearing, did not present any evidence to contradict Rhonda's testimony, and did not contest Rhonda's entitlement to unemployment benefits. From Rhonda's testimony, there is no substantial evidence of misconduct or dishonesty. Accordingly, we reverse the Board's decision and remand for an award of unemployment benefits.

Reversed and remanded.

ABRAMSON and MURPHY, JJ., agree.

*Rhonda Burgos*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee Director of Division of Workforce Services.