Cite as 2024 Ark. App. 612

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-23-379

| | |
|---|---|
| CRYSTAL WATSON | **Opinion Delivered** December 11, 2024 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2022-BR-02310] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND PECO FOODS, INC. | |
| APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Crystal Watson appeals the Board of Review's (Board's) denial of her unemployment claim on the determination that she was discharged from last work for misconduct connected to the work. Watson lists two points on appeal: (1) the evidence does not support a finding that she was discharged for misconduct; and (2) she was denied due process and equal protection. We affirm the Board's decision.

Watson was a second-shift quality-assurance supervisor at appellee, PECO Foods, Inc. (PECO), who, according to PECO human-resources director Keri Roemer Newcomb, was discharged for misconduct after she became hostile, cried, yelled at supervisors, and threw things during a disciplinary meeting in which Watson also refused to sign a written warning for job-performance issues. While Watson admitted that she had cried during the disciplinary meeting because she was upset, she denied that she had yelled or thrown things,

and she stated she did not know she was required to sign the written warning. Newcomb testified that Watson had been written up on prior occasions, and she knew she had to sign the written warning.

The Division of Workforce Services (Division) initially denied Watson benefits on the basis that she was discharged from last work for misconduct in connection with the work due to unprofessional conduct. Watson filed a timely appeal to the Appeal Tribunal (Tribunal); PECO did not appear at the Tribunal hearing, and the hearing officer reversed the Division's determination and awarded Watson benefits. PECO timely filed a request to reopen the case pursuant to Arkansas Code Annotated section 11-10-524(c) (Repl. 2012), on the basis that the notice of the Tribunal hearing was sent to its Batesville location instead of its Pocahontas location, and it had no notice of the hearing until the day of the hearing. The Tribunal found, pursuant to section 11-10-524(d), that PECO had shown good cause for failing to appear and redocketed the case. After the second hearing, in which PECO participated, the Tribunal found that PECO had met its burden of proving by a preponderance of the evidence that Watson had been discharged from last work for misconduct in connection with the work on account of unprofessional conduct and insubordination. Watson timely appealed the Tribunal decision to the Board. Pursuant to Arkansas Code Annotated section 11-10-525(c) (Repl. 2012), the Board directed that additional arguments and evidence be taken; after that hearing, the Board affirmed the Tribunal decision denying Watson benefits on the basis that she was discharged from last work for misconduct in connection with the work due to insubordination. The Board

2

specifically found Watson not credible with respect to her assertion that she did not yell or throw things during the disciplinary meeting, and it found that her refusal to sign the disciplinary warning constituted insubordination.

In unemployment-compensation appeals, the evidence and all reasonable inferences deducible therefrom are reviewed in the light most favorable to the findings made by the Board; these findings of fact are conclusive if supported by substantial evidence. *Bright v. Dir.*, 2021 Ark. App. 217, 625 S.W.3d 720. Substantial evidence is such evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision on the basis of the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Id.* The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Misconduct includes the violation of any behavioral policies of the employer, disregard of the employer's rules, disregard of the standards of behavior that the employer has a right to expect from its employees, and disregard of the employee's duties and obligations to his or her employer. *Hopkins v. Dir.*, 2019 Ark. App. 84, 571 S.W.3d 524. It is the employer's burden to establish misconduct by a preponderance of the evidence. *Id.* Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.* There is an element of intent associated with a determination of misconduct. *Id.*

3

Watson first argues that there is insufficient evidence to support the Board's finding of misconduct. She asserts that her testimony was the best evidence; that Newcomb used hearsay testimony of Watson's supervisor, Damien Wood, and not her own personal observations, to establish misconduct; that PECO failed to call Wood or Sherry Manley, another supervisor present in the disciplinary meeting, to testify; that Newcomb did not follow the three-step disciplinary policy for discharge outlined in the employee handbook and instead immediately terminated her; and that PECO's evidence did not comply "with state or federal Rules of Evidence or the *Daubert* standard."

Arkansas Code Annotated section 11-10-526(a)(1) (Repl. 2012) provides that the Board and Tribunal "shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but any hearing before the tribunals shall be conducted in such manner as to ascertain the substantial rights of the parties." Furthermore, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), has no application to the present case because it involved the admissibility of expert scientific evidence under the Federal Rules of Evidence. While Newcomb testified that she was not at the facility at the time of the disciplinary hearing because it occurred on the night shift, she did have Wood's written report of what occurred; she also testified that she had called Watson about the incident and that Watson had admitted what Wood had written was correct. The Board specifically found that Watson's testimony about what occurred at the disciplinary meeting was not credible; the credibility of witness testimony is for the Board to determine. *Bright*, *supra*. As for Watson's argument that Newcomb bypassed the three-step disciplinary procedure and instead

4

terminated her immediately, Newcomb testified that some behavior, including insubordination and "outburst-type behavior," were grounds for immediate termination. We hold that PECO presented substantial evidence to support the Board's finding of misconduct.

Watson also lists as a point on appeal that she was denied due process and equal protection guaranteed by the Fourteenth Amendment. However, she makes no argument regarding this assertion and appears to abandon this issue on appeal. Merely mentioning alleged error as a point of appeal without any argument or citation to authority is insufficient and will not be addressed on appeal. *Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997).

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for separate appellee Division of Workforce Services.