Cite as 2025 Ark. App. 569

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. E-25-69

| | | |
|---|---|---|
| BRANDYE MCCUE | | **Opinion Delivered** November 19, 2025 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2025-BR-00221] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | REVERSED AND REMANDED |

**WAYMOND M. BROWN, Judge**

Brandye McCue was employed by the Strong School District ("School District") as a K12 art teacher. She was terminated December 23, 2024. She now appeals the Board of Review's decision disqualifying her for unemployment benefits pursuant to Ark. Code Ann. § 11-10-514(a) (Supp. 2025). On appeal, she argues that the conduct she was terminated for is insufficient to disqualify her from receiving unemployment benefits. Because the School District failed to meet its burden of proof, we reverse and remand for an award of benefits.

I. *Facts and Procedural Background*

Brandye McCue was employed by the School District as a K12 art teacher from July 14, 2023, until December 23, 2024. On November 20, 2024, as McCue led a group of students from the art room to their classroom a five-year-old child left the back of the line and returned to the art room to retrieve crayons. McCue did not notice this and kept

leading the rest of the students to their kindergarten classroom. As a result, the child was left in the art room unattended for approximately two to three minutes. The child was heard crying and screaming before being found by the music teacher in the classroom with the door shut.

The School District sent McCue a letter dated December 13, 2024, titled "Notice of Recommended Termination." The letter stated, "On November 20, 2024, you failed to execute your responsibilities to promote the health, safety, and welfare of the district's students under your care in violation of District Policy 3.27. On that date, you failed to properly supervise a student by leaving that student unattended in a classroom." Additionally, the letter informed McCue that the School District would hold a hearing on December 23, 2024; McCue was terminated this date.

On January 6, 2025, McCue applied for unemployment benefits. On March 5, the Arkansas Division of Workforce Services mailed McCue an agency determination finding that she had been suspended and then terminated for violating company rules and leaving a child unattended. As such, she was disqualified for unemployment benefits pursuant to Ark. Code Ann. § 11-10-514(a)(5).

On March 13, McCue appealed this decision to the Appeal Tribunal. On March 17, the Tribunal mailed her a notice that a telephone hearing would be held on April 2. Present at the April 2 hearing were McCue on her own behalf, Attorney Cody Kees for the School District, and Superintendent Amy Sanchez. Following the hearing, the Tribunal issued a decision affirming the denial of benefits on April 11. On April 16,

McCue appealed from that decision to the Board of Review ("Board").

On May 15, 2025, in light of these facts, the Board issued its decision affirming the denial of unemployment benefits. Its conclusion of law is as follows:

> Although the claimant argued that she was in a hurry due to time constraints, distracted by misbehaving students, and assumed the child returned to the line when she called him, the Board notes the claimant was aware that she could request assistance with unruly children as needed because she had done so in the past. Consequently, the Board is convinced the claimant was negligent to such a degree as to manifest wrongful intent or evil design.

McCue appealed from that decision to this court on May 30, 2025.

## II. *Discussion*

In this case, the sole issue is whether the Board could have reasonably concluded that McCue's actions rose to the level of misconduct to warrant denial of unemployment benefits.

In appeals of unemployment-compensation cases, we do not review cases de novo;[1] rather, this court's review is specific to the determination of whether the Board could have reasonably reached that decision with the evidence presented to it.[2] We review "the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact."[3] Substantial evidence is considered evidence that a reasonable mind might

---

[1]*Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d. 446, 448 (citing *Dillinger v. Dir.*, 2020 Ark. App. 138, 596 S.W.3d 62).

[2]*Id.* at 2, 618 S.W.3d. at 448 (citing *Rockin J. Ranch v. Dir.*, 2015 Ark. App. 465, 469 S.W.3d 368).

[3]*Id.* at 1, 618 S.W.3d. at 448.

accept as adequate to support a conclusion.[4] Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered based on the evidence presented.[5] Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine.[6] While our role in these cases is limited, we are not here to merely ratify the decision of the Board.[7] Instead, our role is to ensure that the standard of review has been met.[8]

Arkansas Code Annotated section 11-10-514(a)(1) provides that "an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work." Misconduct in connection with the work includes the violation of any behavioral policies of the employer as distinguished from deficiencies in meeting production standards or accomplishing job duties. Ark. Code Ann. § 11-10-514(a)(3)(A). This includes, without limitation, disregard of an established bona fide written rule known to the employee or a willful disregard of the employer's interest. Ark. Code Ann. § 11-10-514(a)(3)(B)(i)–(ii).

---

[4]*Id.* at 1–2, 618 S.W.3d. at 448.
[5]*Id.* at 2, 618 S.W.3d. at 448.

[6]*Bradford v. Dir.*, 83 Ark. App. 332, 338, 128 S.W.3d 20, 23 (2003).

[7]*Langston v. Dir.*, 2023 Ark. App. 601, at 3, 680 S.W.3d 493, 495–96.

[8]*Id.*, 680 S.W.3d at 496.

Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith errors in judgment or discretion do not rise to the level of misconduct. *City of Fort Smith v. Dir.*, 2024 Ark. App. 606, 704 S.W.3d 143. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *See also Bright v. Dir.*, 2021 Ark. App. 217, at 3, 625 S.W.3d 720, 722 ("There is an element of intent associated with a determination of misconduct."). It is the employer's burden to establish misconduct by a preponderance of the evidence. *Hopkins v. Dir.*, 2019 Ark. App. 84, 571 S.W.3d 524. Whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board to decide. *Id.*

On appeal McCue argues that the conduct she was terminated for is insufficient to disqualify her from receiving unemployment benefits. She further alleges that there is no evidence of deliberate or intentional wrongdoing in the record, nor was the Board's decision that she was negligent to such a degree as to manifest wrongful intent or evil design supported by substantial evidence.

She supports her argument by citing several cases. The most analogous case cited by McCue is *Hubbard*.[9] In *Hubbard*, the court reversed the denial of benefits, finding that the claimant's sale of alcohol to a customer before 7:00 a.m. in violation of Walmart's policy

---

[9]*Hubbard v. Dir.*, 2015 Ark. App. 235, 460 S.W.3d 294.

constituted an isolated instance of negligence and that the requisite proof of intent was lacking.[10] The holding in *Hubbard* supports this court's consistent holding that an isolated incident of negligence will not satisfy the requisite intent necessary to establish misconduct in connection with the work.

However, upon independent review, the court finds that another, more analogous case provides greater insight. In *Sims*, the claimant, a school counselor, was terminated after an audit revealed that twenty-six out of fifty seniors were not enrolled in a fourth math credit, a new requirement for graduation.[11] He had received no prior disciplinary actions and had only one evaluation, which rated him as proficient and distinguished in all areas except recordkeeping, where he was noted as basic.[12] The court found that because the claimant was unaware of the new policy and had not been directed to verify the state's requirements, his actions constituted negligence, but not of such degree or recurrence as to manifest wrongful intent or evil design.[13]

In this case, McCue testified that she had assembled all the students in line when one child left the line without permission. She further stated that she was moving between the front and back of the line and assumed the child had complied when she instructed him to

---

[10]*Id.*, 460 S.W.3d at 297.

[11]*Sims v. Dir.*, 2014 Ark. App. 512, 433 S.W.3d 570.

[12]*Id.*, 433 S.W.3d at 571.

[13]*Id.*, 433 S.W.3d at 573.

return. Believing he had rejoined the line, she turned her back and continued walking. While this court agrees with the Board that McCue was negligent—having admitted that the child left the line and was left behind and acknowledging that she could have requested additional assistance—this court finds her case analogous to *Sims*.

Similar to *Sims*, in this case, while McCue's failure to ensure the child remained in line was negligent, it did not reflect a pattern of misconduct or an intent to harm the child. McCue did not intend to leave the child behind; rather, she was preoccupied with ensuring that all the children were in line and returning to their classroom in a timely manner. Just as Sims had an obligation to be apprised of the graduation requirements applicable to his students, McCue likewise had an obligation to be attentive to her young students and ensure no child was left unattended. Nevertheless, this court in *Sims* found there was a lack of evidence manifesting wrongful intent or evil design, and the same is true here. Accordingly, this court concludes that there is insufficient evidence to support the finding that McCue's negligence rose to the level of wrongful intent or evil design necessary to disqualify her for unemployment benefits.

Reversed and remanded.

TUCKER and WOOD, JJ., agree.

*Mitchell Blackstock, PLLC*, by: *Michael Muskheli*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.