Cite as 2019 Ark. App. 341

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** E-18-322

| | |
|---|---|
| ROBERTA JONES<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND ATRIUM HOSPITALITY LP<br><br>APPELLEES | **Opinion Delivered:** August 28, 2019<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2018-BR-01119]<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Roberta Jones appeals the Arkansas Board of Review's ("Board's") decision denying her claim for unemployment benefits. On appeal, Jones argues that the Board erred in finding that she was disqualified from receiving benefits because (1) she voluntarily left her last work without good cause and (2) she was not able and available for suitable work. We affirm.

On June 27, 2018, Jones filed an application for unemployment-insurance benefits with the director of the Department of Workforce Services ("Department"). She indicated that she had last worked for Atrium Hospitality LP ("Atrium") and that her employment had ended on March 11. She further stated that her separation from employment was for medical leave and that she has disabilities that limited her ability to perform her job duties.

Also on June 27, Jones completed an "Able and Available-Claimant Statement" and responded that she was not able and available for work from March 9, and she left the ending date open. She further marked that she was "[s]till not able and available for work."

On July 6, Atrium responded that Jones had been on medical leave through June 30 and that she was scheduled to return to work on July 1. Atrium attached a June 25 letter from Cigna Insurance ("Cigna") stating that Jones's medical leave would expire on June 30 and that she had been advised to return to work on the first working day following the expiration.

On July 17, Jones completed a "Miscellaneous-Claimant Statement." She wrote,

> I didn't go back to work because I am still not able to work. I was suppose[d] to return to work 7-1-18 but I didn't. I didn't take anything from my employer stating I still needed time off. I did file for workmans [sic] comp but they denied it because they said there is no proof that I was hurt [a]t work. I have filed a grievance since they denied my worksman [sic] comp but I haven't heard anything.

On July 18, the Department found that Jones was disqualified from benefits because (1) she had left Atrium without making reasonable efforts to preserve her job rights and (2) she was not able to perform suitable work due to a disabling physical condition.

Jones appealed the Department's decision to the Arkansas Appeal Tribunal ("Tribunal"). She did not appear for the August 14 hearing, and the Tribunal affirmed the Department's decision. Jones requested a reopening of the case, and the Tribunal conducted a reopening hearing on September 13. At the hearing, Jones admitted that she had received notice of the August 14 hearing date and time but stated that she was stressed and "got mixed up with the timing." The Tribunal denied Jones's request for reopening because she did not have good cause for failing to appear at the hearing. Jones appealed the Tribunal's

decision to the Board, and on October 30, the Board affirmed and adopted the Tribunal's decision. This appeal followed.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coker v. Dir.*, 99 Ark. App. 455, 456, 262 S.W.3d 175, 176 (2007). The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* However, that is not to say that our function on appeal is merely to ratify whatever decision is made by the Board. *Boothe v. Dir.*, 59 Ark. App. 169, 954 S.W.2d 946 (1997). We will reverse the Board's decision when it is not supported by substantial evidence. *Id.*

On appeal, Jones first argues that the Board's finding that she left work without good cause is not supported by substantial evidence. She asserts that she requested an extension of her medical leave from Cigna, the agency that handles Atrium's medical leave, before she left her employment. Thus, she argues that she preserved her job rights before not returning to work.

A person who voluntarily leaves her employment without good cause connected to the work shall be disqualified for benefits. Ark. Code Ann. § 11-10-513(a)(1) (Repl. 2012). However, no individual shall be disqualified if, after making reasonable efforts to preserve her job rights, she left her last work because of illness, injury, pregnancy, or disability of the individual or member of the individual's immediate family. Ark. Code Ann. § 11-10-513(b)(2)(A). In *Foster v. Director*, 2013 Ark. App. 190, this court held that an employee left her last employment without making reasonable efforts to preserve her job rights when she

did not return to work upon the expiration of leave under the Family Medical Leave Act. She made no attempt to inform her employer that she wanted her job, which left the employer with no choice but to assume that she had quit. *Id.*

In this case, we hold that the Board's decision that Jones left her last work without good cause is supported by substantial evidence. The evidence showed that Jones knew that she was scheduled to return to work on July 1, 2018, and that Jones did not appear for work that day. Specifically, Atrium offered a June 25 letter from Cigna stating that it had advised Jones that her medical leave expired on June 30 and that she was expected to return on the first working day following that date. Further, Jones admitted on the "Miscellaneous-Claimant Statement" that she was scheduled to return to work on July 1 and that she did not appear for work that day. Accordingly, substantial evidence supports the Board's decision that Jones left her last work without good cause and without preserving her job rights. Because there is sufficient evidence to support the denial of benefits as a result of Jones's leaving her last work without good cause, we need not address Jones's second point on appeal.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellant.

*Cynthia Uhrynowycz*, for appellee.

4