Cite as 2022 Ark. App. 341

# ARKANSAS COURT OF APPEALS
## DIVISION I
#### No. E-21-569

|  |  |
|---|---|
| CHERYL PILLOW | **Opinion Delivered** September 21, 2022 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2021-BR-02482] |
| DIRECTOR, DIVISION OF | |
| WORKFORCE SERVICES | |
| APPELLEE | REMANDED FOR FURTHER |
| | FINDINGS |

## BART F. VIRDEN, Judge

The Arkansas Board of Review affirmed two separate decisions by the Appeal Tribunal that appellant Cheryl Pillow was disqualified from receiving benefits because she voluntarily left her last job without good cause connected with the work (case No. 2021-AT-01195) and that she is liable for repayment of benefits in the amount of $17,684 (case No. 2021-AT-01196). Pillow appeals from only the latter decision. She argues that the Division of Workforce Services (DWS) made errors when processing her applications, which resulted in her being paid benefits under the wrong program, and that it would be against equity and good conscience to require her to repay the benefits. Alternatively, Pillow argues that this court should remand due to procedural errors. We remand for further findings on the overpayment/repayment issue.

## I. *Background*

Pillow held a temporary position as a receptionist at a dentist's office. She began her position on January 27, 2020, and was scheduled to stay until April 3, 2020, or thereabouts, until the return of a permanent employee. Pillow, however, left her position on March 17 following an office meeting to discuss working during the COVID-19 pandemic.

On March 23, Pillow applied for traditional unemployment (UI) benefits and indicated that she had quit her job for health reasons. She was approved and began receiving UI benefits, along with other federal benefits. On July 17, when her UI benefits ran out, Pillow reapplied for additional benefits, stating that she had been laid off from work because the business had closed. Again, she was approved for and began receiving benefits. From March 28 to October 10, 2020, Pillow received $17,684 in state and federal benefits.

On December 10, DWS determined that Pillow had quit her job without good cause connected with the work. On December 15, DWS issued a notice of nonfraud overpayment covering the period from March 28 to October 10 and determined that Pillow is liable for repayment of $17,684. Pillow timely appealed both the disqualification decision and the overpayment/repayment decision to the Tribunal. A telephone hearing was held on April 15, 2021, to discuss both determinations. Again, this appeal concerns only the overpayment/repayment decision. Pillow testified that if she has to repay $17,684, it is going to be a "tremendous" financial hardship because she presently has "a lot to take care of." Pillow then gave detailed testimony as to her family's finances.

The Tribunal issued two decisions on June 10, 2021, affirming DWS's determinations that Pillow was disqualified for having quit her job without good cause and that Pillow is liable for repaying the benefits to which she was not entitled. Specifically, the Tribunal found that Pillow was overpaid benefits "as a result of [her] disqualification" and noted that she had made inconsistent claims about the circumstances of her separation from work. The Tribunal further found that "[t]he record does not show the overpayment was due to error by the Division, and the evidence does not show it would be inequitable to require the claimant to pay back the benefits had there been a direct error by the Division."

Pillow filed a timely pro se appeal from the overpayment/repayment decision and retained counsel who sent a letter to the Board dated July 2, 2021, listing reasons for Pillow's appeal. On August 27, the Board affirmed the Tribunal's overpayment/repayment decision. The Board adopted the Tribunal's decision as its own and found that the disqualification decision, which had been affirmed by the Board, "remained in effect." The Board concluded that Pillow is therefore liable for repayment of $17,684.

Pillow's counsel filed a motion with this court asking to supplement the record with her July 2 letter because, given its absence from her copy of the record, it was apparent that the Board had not considered the letter even though it was timely submitted as shown through fax receipts. We granted her motion.

II. *Discussion*

Among Pillow's arguments on appeal is her assertion that the Board failed to make sufficient findings of fact to support its legal conclusions. Whether sufficient findings of fact

3

have been made is a threshold question in an appeal from an administrative board. *Fraysher v. Dir.*, 2013 Ark. App. 603. If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Johnson v. Dir.*, 2013 Ark. App. 74. A conclusory statement by the Board that does not detail or analyze the facts upon which it is based is not sufficient. *Fraysher*, *supra*.

Arkansas Code Annotated section 11-10-532(b) (Supp. 2021) provides the following:

(1) If the director finds that a person has received an amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person is liable to repay the amount to the Unemployment Compensation Fund.

(2)(A) In lieu of requiring the repayment, the director may recover the amount by deduction of any future benefits payable to the person under this chapter unless the director finds that the *overpayment was received as a direct result of an error by the Division of Workforce Services* and that its recovery would be against equity and good conscience.

(B) As used in subdivision (b)(2)(A) of this section, "direct result of an error by the Division of Workforce Services" does not include overpayments established under an appeal reversal as a result of the successful appeal of a denial of benefits.

(Emphasis added.)

According to Pillow, the sole factual finding relied on to support the Board's conclusion that there was no error by DWS is the statement that "[t]he claimant claimed she quit initially and later claimed she was laid off because the business closed." We note that, before an October 1, 2019 amendment, subdivision (b)(2)(A) referred to an overpayment received "without fault on the part of the recipient," whereas it now describes an overpayment received "as a direct result of an error by [DWS]." Here, the Board ruled that

4

"the record does not show the overpayment was due to error by the Division," but that is a legal conclusion without any factual findings as to what *caused* the overpayment. While the Board also asserted that "[t]he claimant was overpaid benefits as a result of [her] disqualification for quitting work," that does not explain why Pillow was found eligible for UI benefits—both when she initially applied and when she reapplied—and was only later determined to be ineligible or disqualified. The Board seems to have considered Pillow at fault for the overpayment; however, the fact that she gave inconsistent statements about her separation from work does not foreclose the possibility that DWS committed an error that directly resulted in the overpayment of benefits.[1]

Because we are remanding for further findings on the overpayment/repayment issue, we will address Pillow's alternative arguments regarding perceived procedural errors. First, Pillow argues that the Board failed to address counsel's arguments raised in her July 2 letter after agreeing to consider "any submissions made by the parties." Second, Pillow contends that, while the Board decided that she must repay benefits dating back to March 28, 2020, DWS found that she was disqualified beginning July 17, 2020. We find no procedural errors that must be rectified on remand.

The Board was not required to consider counsel's letter even though it was submitted before a final decision was reached. Pillow relies on a letter from the Board acknowledging

---

[1]In the event the Board finds on remand that DWS made an error that directly resulted in the overpayment to Pillow, the Board should make detailed factual findings from the record with respect to whether recovery would be against equity and good conscience. *Lawrence v. Everett*, 9 Ark. App. 138, 653 S.W.2d 140 (1983).

5

receipt of her appeal and stating that it would consider the record along with "any submissions made by the parties." The context of the letter clearly refers to submissions of evidence. Counsel's letter did not contain any evidence for the Board to consider; rather, it contained new arguments. This court granted Pillow's motion to supplement the record with that letter only because it appears that she did submit it to the Board before the record of the Tribunal was closed. The Board did not err in failing to consider counsel's expansion of arguments.

Next, Pillow contends that, while the Board concluded that she is liable for repayment of benefits dating back to March 28, the only notice of disqualification that she received indicates that she was disqualified beginning July 17. She cites and relies on *Thurman v. Everett*, 6 Ark. App. 340, 642 S.W.2d 323 (1982), and *Brannan v. Everett*, 5 Ark. App. 271, 636 S.W.2d 301 (1982). Those cases are distinguishable in that this court reversed and remanded in both *Thurman* and *Brannan* because we held that a hearing on repayment was premature given that the issue of overpayment was still on appeal. Here, the only question on appeal pertains to the overpayment/repayment decision with no other pending issues. Moreover, the notice of nonfraud overpayment indicated that the relevant dates are from March 28 to October 10. Further, the hearing officer confirmed with Pillow that the overpayment was for the period from March 28 to October 10. Pillow's argument on appeal essentially raises a due-process concern that had to have been raised and ruled on below. *Moody v. Dir.*, 2014 Ark. App. 137, 432 S.W.3d 157 (refusing to address a due-process argument for the first time on appeal).

6

Remanded for further findings.

GRUBER and BROWN, JJ., agree.

*Jaden Atkins*, Legal Aid of Arkansas, for appellant.

*Jennifer Janis*, for appellee.