Cite as 2023 Ark. App. 276

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-203

KATHERN RUSH

APPELLANT

V.

DIRECTOR, DIVISION OF
WORKFORCE SERVICES, AND
PEOPLEREADY, INC.

APPELLEES

Opinion Delivered May 10, 2023

APPEAL FROM THE ARKANSAS BOARD
OF REVIEW
[NO. 21-BR-5001]

AFFIRMED IN PART; REMANDED IN
PART

**KENNETH S. HIXSON, Judge**

Appellant Kathern Rush appeals from an order issued by the Arkansas Board of
Review (the Board) on April 11, 2022, requiring her to repay $14,384 in overpaid
unemployment benefits in favor of appellee, Division of Workforce Services (DWS). We
affirm in part and remand for further findings in part for the same reasons as we previously
addressed in *Carman v. Dir.*, 2023 Ark. App. 51, 660 S.W.3d 852.

Appellant had been previously employed with a temporary help firm, PeopleReady,
Inc. After she filed for benefits, she received regular and extended state benefits; Federal
Pandemic Unemployment Compensation (FPUC) benefits pursuant to the CARES Act,
codified at 15 U.S.C. § 9023; and lost-wage-assistance (LWA) benefits pursuant to the federal
Stafford Act and 44 C.F.R. § 206.120 (2021). On June 15, 2021, DWS mailed a notice of
agency determination to appellant, finding that appellant had not been eligible for benefits.

It stated that Arkansas Code Annotated section 11-10-513(a)(2)(A) (Supp. 2021) provides that an individual working as a temporary employee will be deemed to have voluntarily quit employment and will be disqualified under this subsection if, upon conclusion of his latest assignment, the temporary employee, without good cause, failed to contact the temporary help firm for reassignment, provided that the employer advised the temporary employee at the time of hire that he must report for reassignment upon conclusion of each assignment and that unemployment benefits may be denied for failure to do so. DWS found that at the conclusion of her latest assignment, appellant failed to contact the temporary help firm for reassignment; that she was advised at the time of her hire that she must report for reassignment at the conclusion of each assignment; and that she failed to show good cause for not contacting the temporary help firm for reassignment. Appellant ultimately failed to timely appeal from that determination.

After DWS had determined that appellant was ineligible for the benefits she received, DWS mailed a notice of nonfraud overpayment determination on July 30, 2021, stating that appellant was required to repay $14,384 in the overpaid benefits she received pursuant to Arkansas Code Annotated Section 11-10-532(b) (Supp. 2021). According to the "Review Claim Transactions" form provided in this matter, appellant received $3,584 in regular and extended state benefits; $9,000 in FPUC benefits; and $1,800 in LWA benefits. Thus, appellant was paid $14,384 in total benefits before it was determined that she was ineligible.

Appellant timely filed her appeal to the Appeal Tribunal (Tribunal), and she was afforded a telephone hearing on September 21, 2021, in which she argued she should not

have to repay the benefits she received. The Tribunal mailed a written decision on September 22, 2021, affirming DWS's determination that appellant must repay the overpaid benefits because "[the overpayment] cannot be considered a direct result of an error by the Division."

Appellant appealed the Tribunal's decision to the Board. The Board affirmed and mailed its written decision on April 11, 2022. Quoting Arkansas Code Annotated section 11-10-532(b)(2)(A), the Board explained that repayment may be waived if "the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." The Board found that appellant was liable to repay benefits and stated that "[a]s the overpayment was not received as a direct result of an error by the Division, an equity and good conscience review is not necessary." This appeal followed.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision based on the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The credibility of

witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

We note that Arkansas Code Annotated section 11-10-532(b)(2) has been amended multiple times over the years. Before October 1, 2019, DWS could not waive repayment "unless the director finds that the overpayment *was received without fault on the part of the recipient* and that its recovery would be against equity and good conscience." *See* Act 453 of 2019 (emphasis added). This language changed effective October 1, 2019, and the statute was amended to state the following:

> (b)(1) If the director finds that a person has received an amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person is liable to repay the amount to the Unemployment Compensation Fund.
>
> (2)(A) In lieu of requiring the repayment, the director may recover the amount by deduction of any future benefits payable to the person under this chapter unless the director finds that the overpayment *was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience*.
>
> (B) As used in subdivision (b)(2)(A) of this section, "direct result of an error by the Division of Workforce Services" does not include overpayments established under an appeal reversal as a result of the successful appeal of a denial of benefits.

Ark. Code Ann. § 11-10-532 (emphasis added). In other words, instead of the inquiry being first whether the claimant was at fault, our legislature requires (1) that the overpayment must be the direct result of an error by the Division *and* (2) that requiring the claimant to repay would be against equity and good conscience. Although we note that the statute has recently been amended to revert back to state that DWS "may recover the amount [of any overpayment] by deduction of any future benefits payable to the person under this chapter

4

unless the director finds that the overpayment was received without fault on the part of the recipient and that its recovery would be against equity and good conscience," this amendment was not effective until March 6, 2023. Act 197 of 2023. As such, we must follow the statute in effect from October 1, 2019, through March 5, 2023, that required the overpayment of state benefits to first be received as a direct result of an error by DWS to waive repayment.

The Board concluded here that the overpayments were not received as a direct result of an error by DWS, and substantial evidence supports the Board's findings in this regard. As such, we must affirm the decision requiring appellant to repay the $3,584 in state unemployment benefits because appellant failed to satisfy the first prong of the state unemployment-waiver analysis. *See Jewell v. Dir.*, 2023 Ark. App. 109, 661 S.W.3d 729, 731.

However, we must look to federal law to determine whether the FPUC and LWA benefits must be repaid. *See Carman, supra.* 15 U.S.C. § 9023(f)(2) sets out the following requirements regarding FPUC funds:

(2) Repayment

In the case of individuals who have received amounts of Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation to which they were not entitled, the State shall require such individuals to repay the amounts of such Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation to the State agency, except that the State agency may waive such repayment if it determines that—

(A) *the payment* of such Federal Pandemic Unemployment Compensation or Mixed Earner Unemployment Compensation *was without fault on the part of any such individual*; and

5

(B) such repayment would be contrary to equity and good conscience.

(Emphasis added.) Notably, there is no requirement for a finding that the overpayment was a result of DWS error, but the statute does require a determination that the payment was without fault on the part of the worker.

On the other hand, 44 C.F.R. § 206.120(f)(5) does not provide any guidance regarding the repayment of LWA benefits other than stating that "[t]he State is responsible for recovering assistance awards from applicants obtained fraudulently, expended for unauthorized items or services, expended for items for which assistance is received from other means, and *awards made in error*." (Emphasis added.) In the absence of such guidance, we apply the federal requirements as stated above for FPUC benefits, another similar federal program that provided additional unemployment benefits.

Here, the Board failed make any findings regarding the federal-waiver analysis. Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Pillow v. Dir.*, 2022 Ark. App. 341. If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Id.* A conclusory statement by the Board that does not detail or analyze the facts upon which it is based is not sufficient. *Id.* Therefore, we must remand for further findings as to whether appellant was first at fault and second whether repayment would be contrary to equity and good conscience before requiring appellant to repay the $9,000 in FPUC benefits and $1,800 in LWA benefits.

Thus, in conclusion, we affirm the decision requiring appellant to repay the $3,584 in state unemployment benefits, and we remand for further findings to determine whether the appellant is required to repay the $9,000 in FPUC benefits and $1,800 in LWA benefits for reasons set forth herein.

Affirmed in part; remanded in part.

VIRDEN and THYER, JJ., agree.

*Kathern Rush*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.