Cite as 2023 Ark. App. 456

# ARKANSAS COURT OF APPEALS
### DIVISION IV
#### No. E-22-373

| | | |
|---|---|---|
| WANDA MCELROY | | **Opinion Delivered** October 18, 2023 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2021-BR-05581] |
| V. | | |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | AFFIRMED IN PART; REMANDED IN PART |
| | APPELLEE | |

## RITA W. GRUBER, Judge

Appellant Wanda McElroy appeals from the Arkansas Board of Review's (Board's) May 23, 2022 decision affirming the notice of nonfraud-overpayment determination issued by the Division of Workforce Services (Division) requiring her to repay $3,040 in unemployment benefits. We affirm in part and remand in part for further findings for the reasons we previously addressed in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, and *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852.

Appellant filed for unemployment benefits and received both state benefits and Federal Pandemic Unemployment Compensation (FPUC) benefits, pursuant to the CARES Act.[1] On June 8, 2021, the Division issued a notice of agency determination to appellant advising her that she had been disqualified from receiving benefits under Arkansas Code

---

[1]Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. §§ 9021 to 9034.

Annotated section 11-10-513(a) (Supp. 2021) because, as a temporary-help worker, she did not show good cause for failing to contact the temporary-help firm for reassignment upon completion of her last assignment. Appellant ultimately failed to timely appeal from that determination.

After determining that appellant had been ineligible for the benefits she had received, the Division issued a notice of nonfraud-overpayment determination on July 20, 2021, finding appellant was liable to repay $3,040 in benefits pursuant to Arkansas Code Annotated section 11-10-532(b) (Supp. 2021). According to the "Review Claim Transactions" form provided in this matter, appellant received $3,040, which included $1,840 in regular state benefits and $1,200 in FPUC benefits before the Division determined that she had been ineligible. Appellant filed a timely appeal of this determination to the Arkansas Appeal Tribunal (Tribunal). A telephone hearing was scheduled for September 21, and appellant failed to appear. On September 22, the Tribunal affirmed the Division's determination that appellant was liable for the $3,040 overpayment.

In affirming the Division's determination, the Tribunal found that appellant had filed continued claims for benefits for the weeks ending October 10, 2020, through January 23, 2021, and was subsequently found ineligible for the benefits because she quit her job. Accordingly, appellant was liable to repay the benefits under Arkansas Code Annotated section 11-10-532 unless the overpayment was the result of agency error, and it would be against equity and good conscience to require repayment. The Tribunal concluded that the

2

overpayment was not received as a direct result of Division error; therefore, appellant was required to repay $3,040.

Appellant timely requested that her case be reopened following her failure to appear at the September 21 hearing, and the Tribunal conducted a reopening hearing on November 10. The Tribunal subsequently denied appellant's request to reopen her case, finding that she did not have good cause for failing to appear at the previously scheduled hearing, and it left its September 22 decision in effect.

Appellant timely appealed the Tribunal's decision to the Board. Without taking further evidence, the Board denied appellant's request to reopen and affirmed the Tribunal's September 22 decision, which left appellant liable to repay $3,040 to the fund as a result of a final disqualifying determination, not due to Division error.

The Board did correct an error in the Tribunal's decision, changing the amounts of appellant's weekly benefits from "between $115 and $5" to the accurate "between $115 and $415." Save for that correction, the Board adopted the Tribunal's decision as its own, specifically concluding that the Tribunal's decision was correct as to its findings of fact and conclusions of law. This appeal followed.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Keener v. Director*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. The Board's findings of fact are conclusive if supported by substantial evidence; even when there is evidence upon which the Board might have reached a different decision, the scope of judicial

review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence presented. *Id.* at 1–2, 618 S.W.3d at 448. Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.* at 2, 618 S.W.3d at 448.

Where a claimant receives both state and federal unemployment benefits and the state attempts to recover nonfraud overpayments, the Board must conduct a different waiver analysis for the state-unemployment benefits received and the federal-unemployment benefits received. *Hill v. Director*, 2023 Ark. App. 418, at 2. For the repayment of state benefits to be waived, the Director must find that the overpayment was a direct result of the Division's error, and it would be against equity and good conscience to require repayment. *See* Ark. Code Ann. § 11-10-532(b)(2) (Supp. 2021).[2]

The Board concluded that the $3,040 overpayment was a result of a final disqualifying determination—that appellant voluntarily quit—and not due to an error by the Division. This conclusion is a correct statement of the statutory standard in effect at the time *as to the $1,840 in state benefits. See* Ark. Code Ann. § 11-10-532(b)(2); *see also Rush, supra.* Thus, after reviewing the evidence and all reasonable inferences in the light most favorable to the Board's findings, we conclude that substantial evidence supports the Board's findings that

---

[2]Although the statute has recently been amended by Act 197 of 2023, to revert to a previous version of the statute, we must follow the statute in effect from October 1, 2019, through March 5, 2023, that required the overpayment of state benefits to first be received as a direct result of an error by the Division to waive repayment. *See Rush*, 2023 Ark. App. 276, at 4–5, 668 S.W.3d at 523.

appellant failed to satisfy the first prong on the state-waiver analysis, and we affirm the decision requiring appellant to repay the $1,840 in state-unemployment benefits.

However, for the repayment of federal benefits to be waived, the Division must find that the federal payments were made without fault on the part of the claimant and that repayment would be contrary to equity and good conscience. *See* 15 U.S.C. § 9023(f)(2). As we observed in *Rush*, there is notably no requirement for a finding that the overpayment was a result of Division error; the federal statute instead requires a determination that the payment was without fault on the part of the worker. *Rush*, 2023 Ark. App. 276, at 6, 668 S.W.3d at 524 (citing 15 U.S.C. § 9023(f)(2)).

Here, neither the Tribunal nor the Board performed the required federal-waiver analysis to determine whether the $1,200 in FPUC must be repaid, and no findings were made regarding the federal-waiver analysis. *See Rush*, *supra*. Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Id.* If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Id.* Therefore, we must remand for further findings as to, first, whether appellant was at fault and, second, whether repayment would be contrary to equity and good conscience before requiring her to repay the $1,200 in FPUC benefits.

In sum, we affirm the decision requiring appellant to repay the $1,840 in state benefits and remand for further findings regarding whether appellant is required to repay the $1,200 in FPUC benefits for the reasons set forth above.

Affirmed in part; remanded in part.

GLADWIN and MURPHY, JJ., agree.

*Wanda McElroy*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.