Cite as 2023 Ark. App. 496

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-406

| | | |
|---|---|---|
| STACY HICKEY | | Opinion Delivered November 1, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| | | [NO. 2022-BR-00300] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | AFFIRMED IN PART; REMANDED |
| | APPELLEE | IN PART |

## STEPHANIE POTTER BARRETT, Judge

Stacy Hickey ("Hickey") appeals the decision of the Arkansas Board of Review affirming the notice of nonfraud overpayment determination issued by the Division of Workforce Services ("Division") under Ark. Code Ann. § 11-10-532(b) (Supp. 2021), holding Hickey liable to repay $15,730. We affirm in part and remand in part for further findings.

Appellant filed for unemployment benefits and received state and federal benefits pursuant to the CARES Act. On November 12, 2021, the Division issued a notice of agency determination to the appellant advising her that she was disqualified from receiving benefits under Arkansas Code Annotated section 11-10-513(a) (Supp. 2021) because she voluntarily left her last work without good cause. The appellant failed to timely appeal from that determination.

The Division then issued a notice of nonfraud overpayment determination on December 17, 2021, finding appellant was liable to repay $15,730 in benefits pursuant to Arkansas Code Annotated section 11-10-532(b). Appellant had received $15,730, which included $2,209 in regular state benefits and $13,521 in federal benefits, before the Division determined that she had been ineligible. Appellant filed a timely appeal of this determination to the Arkansas Appeal Tribunal ("Tribunal"), which conducted a hearing on January 11, 2022, and affirmed the Division's determination.

In affirming the Division's determination, the Tribunal found that appellant had filed continued claims for benefits for which she was not eligible from October 3, 2020, through June 26, 2023. Accordingly, it found that appellant was liable to repay the benefits under Arkansas Code Annotated section 11-10-532 unless the overpayment was the result of agency error, and it would be against equity and good conscience to require repayment. The Tribunal concluded the overpayment was not due to Division error and that the appellant was required to repay $15,730. The appellant timely appealed to the Board, which affirmed the decision.

On appeal of an unemployment-compensation case, we affirm the Board's decision when it is supported by substantial evidence. *Jones v. Dir.*, 2019 Ark. App. 341, at 3, 581 S.W.3d 517, 518. Substantial evidence is what reasonable minds might accept as adequate to support a conclusion. *Id.* "[W]e review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings." *Id.* However, our function on appeal is not to merely ratify whatever decision is made by the Board. *Id.*

2

Therefore, "[w]e will reverse the Board's decision when it is not supported by substantial evidence." *Id.*

When a claimant receives both state and federal unemployment benefits and the State attempts to recover nonfraud overpayments, the Board must conduct two different waiver analyses for the state unemployment benefits and the federal unemployment benefits. *Hill v. Dir.*, 2023 Ark. App. 418, at 2. Before repayment of state benefits can be waived, the Director must find the overpayment was a direct result of the Division's error, and it would be against equity and good conscience to require repayment. *See* Ark. Code Ann. § 11-10-532(b)(2).

The Board affirmed the conclusion that the $15,730 overpayment was a result of a final disqualifying determination and not due to an error by the Division. This is the correct statement of the standard for the $2,209 in state benefits. *See* Ark. Code Ann. § 11-10-532(b)(2). Therefore, we affirm the decision requiring appellant to repay the $2,209 in state unemployment benefits.

However, the Division also must find that the federal payments were made without fault on the part of the claimant and that repayment would be contrary to equity and good conscience for repayment of the federal funds to be waived. *See* 15 U.S.C. § 9023(f)(2).

Here, the required federal waiver analysis to determine whether the $13,521 in federal funds must be repaid has not been performed. *See Rush v. Dir.*, 2023 Ark. App. 276, at 6, 668 S.W.3d 520, 524 (citing 15 U.S.C. § 9023(f)(2)). Where sufficient findings of fact are lacking, we must remand to the Board for it to provide findings of fact upon which to perform appellate review. *See Rush*, *supra*. Further findings are necessary as to whether

appellant was at fault and whether repayment would be contrary to equity and good conscience before requiring her to repay the $13,521 in federal benefits.

Accordingly, we affirm the decision requiring appellant to repay the $2,209 in state benefits, and we remand for further findings regarding whether appellant is required to repay the $13,521 in federal benefits for the reasons set forth above.

Affirmed in part; remanded in part.

VIRDEN and GLADWIN, JJ., agree.

*Stacy Hickey*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.