Cite as 2023 Ark. App. 524

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-22-457

| | |
|---|---|
| | Opinion Delivered November 15, 2023 |
| LINDSEY DUNN | APPEAL FROM THE ARKANSAS |
| APPELLANT | BOARD OF REVIEW |
| V. | [NO. 2022-BR-00429] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| | AFFIRMED IN PART; REMANDED IN |
| APPELLEE | PART |

## BART F. VIRDEN, Judge

In this matter, appellant, Lindsey Dunn, appeals an adverse ruling of the Board of Review (Board) affirming an Appeal Tribunal (Tribunal) finding that she is required to repay $15,857 in unemployment benefits. We affirm in part and remand in part.

I. *Background and Procedural History*

The record indicates that Dunn received regular state unemployment benefits totaling $2128 and extended state unemployment benefits totaling $1729 between April 4 and October 17, 2020. In addition, Dunn received Federal Pandemic Unemployment Compensation ("FPUC") totaling $10,200 and Lost Wage Assistance ("LWA") totaling $1800 during that time. The record also contains a notice of agency determination dated November 18, 2021, that disqualified Dunn from receiving benefits beginning April 1, 2020, finding that she voluntarily quit her last benefit-qualifying employment. A "Notice of Nonfraud Overpayment

Determination" dated December 28, 2021, found that Dunn was required to repay $15,857 for the entirety of benefits received the weeks of April 4 through October 17, 2020. The record indicates that Dunn filed an untimely appeal of her underlying disqualification. The Board dismissed that appeal, which we affirmed in case No. E-22-458. Therefore, we now address only the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

This court's recent decision in *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852, confirmed that, for purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services *and* that its recovery would be against equity and

2

good conscience." *Carman*, 2023 Ark. App. 51, at 7, 660 S.W.3d at 857 (quoting Ark. Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that FPUC repayment may be waived if the State determines that the payment of the FPUC was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)). Our decision in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, holds that the same overpayment-waiver factors to consider regarding FPUC also apply to LWA benefits.

In the present case, the Board found that the overpayment of benefits was a result of the agency initially receiving insufficient information to correctly determine Dunn's "last work" for unemployment-benefit purposes, not due to agency error. We hold that there is substantial evidence to support the Board's findings. Because Dunn fails to satisfy the first prong of her state unemployment-waiver analysis, we affirm the decision requiring Dunn to repay $3857 in regular and extended state unemployment benefits she received from April 4 through October 17, 2020.

However, the Board failed to make any findings regarding the two prongs of the federal benefit-waiver analysis outlined in *Carman*. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law, utilizing the federal-waiver-analysis prongs, regarding repayment of the $10,200 in FPUC benefits and $1800 in LWA Dunn received from April 4 through October 17, 2020.

Affirmed in part; remanded in part.

GRUBER and BROWN, JJ., agree.

*Lindsey Dunn*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.