Cite as 2023 Ark. App. 528

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-22-463

| | |
|---|---|
| DONNA HIGGINS<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF WORKFORCE SERVICES<br><br>APPELLEE | Opinion Delivered November 15, 2023<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2022-BR-00870]<br><br><br>REMANDED |

## N. MARK KLAPPENBACH, JUDGE

Donna Higgins appeals the Arkansas Board of Review's decision affirming the nonfraud overpayment determination issued by the Division of Workforce Services under Ark. Code Ann. § 11-10-532(b) (Supp. 2021) and holding Higgins liable to repay $20,944. We remand for additional findings.

Higgins filed claims for unemployment benefits and was paid a total of $20,944 covering the weeks ending July 19 through October 26, 2019 and March 28 through September 25, 2020. Higgins received regular state unemployment benefits, lost wage assistance, federal emergency unemployment compensation, and federal pandemic unemployment compensation. It was later determined that Higgins was ineligible for benefits during those weeks due to nonfraudulent reasons. The Board of Review considered whether, applying the dictates of Ark. Code Ann. § 11-10-532(b), Higgins would be liable to repay those benefits. The statute provides that overpayment is required to be repaid by the

recipient unless (1) the overpayment was the result of agency error, and (2) it would be against equity and good conscience to require repayment. The Board found that because Higgins was disqualified from receiving benefits, the overpayment was not caused by agency error, rendering it unnecessary to consider whether it would be against equity and good conscience to require repayment. Higgins now appeals to this court. The sole issue in this appeal is the repayment requirement.

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Importantly, however, the Board must make adequate findings of fact for this court to review. *Rush v. Dir.*, 2023 Ark. App. 276, 668 S.W.3d 520. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law upon which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341.

When a claimant receives both state and federal unemployment benefits and the State attempts to recover nonfraud overpayments, the Board must conduct two different waiver analyses for the state unemployment benefits and the federal unemployment benefits. *Hill v. Dir.*, 2023 Ark. App. 418, 675 S.W.3d 889. The Board addressed the waiver analysis for state-law purposes, although the total amount ordered to be repaid obviously includes federal as well as state benefits. *See* Ark. Code Ann. § 11-10-532(b)(2). The Board conducted

no federal waiver analysis whatsoever. The federal analysis requires findings on whether the federal payments were made without fault on the part of the claimant and whether requiring repayment would be contrary to equity and good conscience. *See* 15 U.S.C. § 9023(f)(2).

Where sufficient findings of fact are lacking, we must remand to the Board for it to provide findings of fact on which to perform appellate review. *See Rush*, *supra*. Further findings are necessary as to whether appellant was at fault and whether repayment would be contrary to equity and good conscience before requiring her to repay the federal benefits.[1]

Accordingly, we remand for further findings regarding whether Higgins is required to repay the federal benefits.

Remanded.

HARRISON, C.J., and BARRETT, J., agree.

*Donna Higgins*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

---

[1]The Board failed to specify the amounts in unemployment benefits paid to Higgins that were attributable to state funds versus federal funds, which must be clarified on remand.