Cite as 2023 Ark. App. 595

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-22-510

| | | |
|---|---|---|
| DUSTIN SMITH | | Opinion Delivered December 13, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| | | [NO. 2022-BR-00615] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | AFFIRMED IN PART; REMANDED IN PART |

**KENNETH S. HIXSON, Judge**

Appellant Dustin Smith appeals from an order issued by the Arkansas Board of Review (the Board) on August 30, 2022, requiring him to repay $2,586 and $157 in overpaid unemployment benefits in favor of appellee, Division of Workforce Services (DWS). We affirm in part and remand for further findings in part for the reasons we previously addressed in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, and *Carman v. Director*, 2023 Ark. App. 51, 660 S.W.3d 852.

The appellant filed for unemployment benefits and received regular state benefits and Federal Pandemic Unemployment Compensation (FPUC) benefits pursuant to the CARES Act, codified at 15 U.S.C. § 9023. Subsequently, DWS mailed a notice of agency determination to appellant advising him that he had misreported his earnings and that if he

had been overpaid, he would receive a subsequent notice. Appellant ultimately failed to timely appeal from that determination.

Thereafter, DWS mailed a notice of nonfraud overpayment determination on April 30, 2021, stating that appellant was required to repay $2,586 in overpaid benefits he received pursuant to Arkansas Code Annotated section 11-10-532(b) (Supp. 2021). According to the "Review Claim Transactions" form provided in this matter, appellant received $786 in regular state benefits and $1,800 in FPUC benefits for the weeks ending April 18, May 23, and May 30, 2020, all of which appellant was ordered to repay.

On May 4, 2021, DWS mailed a second notice of nonfraud overpayment determination stating that appellant was also required to repay $157 in overpaid benefits, the difference between the $862 appellant received and the $705 appellant should have been paid for the week ending April 11, 2020. This DWS determination failed to specify the amounts in unemployment benefits paid to appellant that were attributable to state funds versus federal funds.

Appellant timely filed his appeal from both repayment determinations to the Appeal Tribunal (Tribunal), and he was afforded a telephone hearing on June 30, 2021, in which he argued he should not have to repay the benefits he received. The Tribunal mailed a written decision on July 1, 2021, affirming DWS's April 30, 2021, determination that appellant must repay $2,586 in overpaid benefits. The Tribunal did not make any findings as to the May 4, 2021, $157 overpaid-benefit determination.

Appellant timely appealed the Tribunal's decision to the Board. On November 9, 2021, the Board remanded with instructions for the Tribunal to hold another hearing to allow testimony regarding the May 4, 2021, $157 overpaid-benefit determination and for the Board to make further findings. A hearing was scheduled on December 2, 2021; however, appellant failed to appear. As such, the Tribunal mailed its decision, which was based on the written record on December 6, 2021. The Tribunal affirmed both determinations and found that appellant was required to pay $2,586 and $157 in overpaid benefits.

Appellant timely appealed to the Board on December 20, 2021, and a hearing was held on January 10, 2022, to determine whether appellant had good cause for failing to appear at the previous Tribunal hearing and was therefore entitled to have the matter reopened as provided for in Arkansas Code Annotated section 11-10-524(d) (Supp. 2021). At the hearing, appellant explained that he failed to appear because the scheduled hearing had "slipped [his] mind" because he was preparing his home for an adoption. The Tribunal mailed its decision on January 13, 2022. The Tribunal found that appellant had not shown that good cause existed for reopening this matter and that its December 6, 2021, decision therefore stood as issued.

On February 25, 2022, appellant filed an untimely appeal from the Tribunal's January 13, 2022, decision. As such, another hearing was conducted on August 24, 2022, to determine whether appellant's failure to timely perfect his appeal to the Board was the result of circumstances beyond his control pursuant to Arkansas Code Annotated section 11-10-524(a). At that hearing, it was discovered that the Tribunal had mailed its January 13, 2022,

3

decision to an old address, even though appellant had provided his new address. Although the decision was eventually forwarded to appellant, it was not received until after the deadline to appeal had passed.

The Board mailed its written decision on August 30, 2022, in which it made the following pertinent findings regarding the timeliness of the appeal, appellant's request to reopen the matter for further testimony after he had failed to appear, and the two overpayments:

> Based on the evidence, the Board finds that the claimant has shown circumstances beyond his control for the delay in filing the appeal to the Board.
>
> The claimant's testimony indicated that he provided his new mailing address to the Tribunal during his reopening hearing. However, the Tribunal mailed the decision to the old address. The decision was forwarded to him, but he received it late. The Board notes that the claimant's new address is listed on the Tribunal's appearance sheet for hearing, and his mention of the new address is recorded in the testimony of the hearing. The claimant has shown circumstances beyond his control for the delay in filing the appeal. The claimant's appeal to the Board is allowed.
>
> Next the Board considers the reopening request at issue in Appeal No. 2021-AT-023944. In that case, the claimant indicated that he missed the previous hearing because it slipped his mind. He indicated that he was getting his house ready for an adoption. The Board affirms the Tribunal's decision to deny the reopening request. Next the Board considers the two overpayments. The weeks involved in the overpayments are covered by the determination under Ark. Code Ann. § 11-10-519 at issue in Appeal No. 2022-BR-00614. That determination remains in effect. The claimant misreported his earnings for all the weeks involved in the two overpayments. *The claimant might not have been at fault in the overpayment, but the evidence does not indicate that the Division was at fault either. As the overpayment was not caused by Division error, there is no relief from the requirement to repay the overpayment.* Therefore, the requirement to repay the overpayments is affirmed.

(Emphasis added.) This appeal followed.

4

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. The Board's findings of fact are conclusive if supported by substantial evidence. *Id.* Substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* Appellate review is limited to determining whether the Board could reasonably reach its decision on the basis of the evidence before it, even if there is evidence on which the Board might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Id.*

Here, the Board permitted appellant's untimely appeal because it found that his delay was due to circumstances beyond his control. However, the Board affirmed the Tribunal's denial of appellant's request to reopen the case for further testimony after he had failed to appear at the January 10, 2022, hearing. Arkansas Code Annotated section 11-10-524(d) provides the following in pertinent part:

> (d)(1) If any party fails to appear at the initial tribunal hearing scheduled as a result of an appeal, that party may request that the matter be reopened by the tribunal.
>
> (2) Requests for reopening shall be made in writing and shall be granted by the tribunal only upon a showing of good cause for failing to appear at the initial tribunal hearing.
>
> (3)(A)(i) If a request for reopening is granted, the tribunal shall schedule another hearing, after which it will issue a new decision.

(ii) If a request for reopening is not granted, the tribunal's initial decision shall stand as issued.

Here, appellant testified that the hearing had slipped his mind because he was getting his house ready for an adoption. The Board found that this excuse did not satisfy appellant's burden to show that there was good cause for his failure to appear at the hearing. Because substantial evidence supports this decision, we affirm the denial of appellant's request to reopen the case for further testimony.

Next, we must determine whether the Board's decision to require appellant to repay the overpaid benefits was supported by substantial evidence. Where the claimant receives both state- and federal-unemployment benefits and the state attempts to recover benefits paid for nonfraud overpayments, the Board must conduct a different waiver analysis for the state-unemployment benefits received and the federal-unemployment benefits received. Under the state and federal law in effect during the relevant times of this case, the waiver standards were different for state repayments and federal repayments. *See Carman*, *supra*; *Rush*, *supra*. For the repayment of state benefits to be waived, the Director must find that the overpayment *was caused as a direct result of the Division's error*, and it must be against principles of equity and good conscience to require repayment. *See* Ark. Code Ann. § 11-10-532(b)(2) (Supp. 2021). However, for the repayment of federal benefits to be waived, the Director must find that the federal payments were made *without fault on the part of the individual* and that repayment would be contrary to equity and good conscience. *See* 15 U.S.C. § 9023(f)(2).

6

In the present case, regarding the repayment of nonfraud state-unemployment benefits, the Board applied the standard set forth in section 11-10-532(b)(2) and concluded that the overpayments were not received *as a direct result of an error by DWS.* Substantial evidence supports the Board's findings in this regard. The Board determined that appellant had misreported his earnings, resulting in an overpayment of benefits. Appellant failed to timely appeal from that determination, and that determination is therefore still in effect. As such, we must affirm the decision requiring appellant to repay the $786 in state-unemployment benefits because appellant failed to satisfy the first prong of the state-waiver analysis. *See Rush, supra.* However, because it is unclear what portion of the $157 of overpaid benefits for the week ending April 11, 2020, was attributed to state-unemployment benefits, we must remand that issue for further clarification and findings. *See Higgins v. Dir.*, 2023 Ark. App. 528, ___ S.W.3d ___.

Regarding whether the federal FPUC benefits must be repaid, the Board did not perform the required federal-waiver analysis. Instead, the Board used the state-waiver standards to determine that appellant was required to repay *both* the state- and federal-unemployment benefits he received, to wit:

> The claimant misreported his earnings for all the weeks involved in the two overpayments. The claimant might not have been at fault in the overpayment, but the evidence does not indicate that the Division was at fault either. As the overpayment was not caused by Division error, there is no relief from the requirement to repay the overpayment. Therefore, the requirement to repay the overpayments is affirmed.

7

This was in error. The repayment referred to in the Board's decision was *both* for state-unemployment benefits *and* federal-unemployment benefits. The Board should have used the federal-waiver standard to determine whether appellant was required to repay the FPUC benefits. To that end, the Board should have first determined whether the payment of FPUC benefits was without fault on the part of the individual and, second, whether repayment would be contrary to equity and good conscience. 15 U.S.C. § 9023(f)(2). The Board failed to do so.

We would be remiss if we failed to note that in the Board's discussion of the state-waiver analysis, the Board included the statement that "[t]he claimant *might not have been at fault* in the overpayment, but the evidence does not indicate that the Division was at fault either." (Emphasis added.) The statement by the Board that the claimant "might not have been at fault" in determining that appellant must repay the state benefits he received under a state-waiver analysis does not address and dispose of the FPUC repayment waiver standard that the payment was "without fault on the part of the individual." *See Hill v. Dir.*, 2023 Ark. App. 418, 675 S.W.3d 889.

Whether sufficient findings of fact have been made is a threshold question in an appeal from an administrative board. *Pillow v. Dir.*, 2022 Ark. App. 341. If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law upon which to perform proper appellate review. *Id.* A conclusory statement by the Board that does not detail or analyze the facts upon which its decision is based is not sufficient. *Id.* Therefore, we must remand for further findings as to

whether the payment of $1,800 in FPUC benefits and any portion of the $157 that was attributable to federal benefits was without fault on the part of the appellant and whether repayment would be contrary to equity and good conscience.

Thus, in conclusion, we affirm the decision denying appellant's request to reopen the matter and requiring appellant to repay the $786 in state-unemployment benefits. However, we remand for further findings to determine whether the appellant is required to repay the $1,800 in FPUC benefits and any portion of the $157 for reasons set forth herein.

Affirmed in part; remanded in part.

ABRAMSON and WOOD, JJ., agree.

*Dustin Smith*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.