Cite as 2024 Ark. App. 208

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-23-23

| | |
|---|---|
| | **Opinion Delivered** March 27, 2024 |
| VICKI HARDER<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW |
| V. | [NO. 2022-BR-01743] |
| DIRECTOR, DIVISION OF WORKFORCE<br>SERVICES<br>APPELLEE | AFFIRMED IN PART; REMANDED IN<br>PART |

## BART F. VIRDEN, Judge

In this matter, appellant, Vicki Harder, appeals an adverse ruling of the Board of Review (Board) affirming an Appeal Tribunal (Tribunal) finding that she is required to repay $581 in unemployment benefits. We affirm in part and remand in part.

### I. *Background and Procedural History*

The record reveals that for the week of September 5, 2020, Harder received $281 in regular state unemployment benefits and $300 in Lost Wage Assistance ("LWA"). A "Notice of Nonfraud Overpayment Determination" dated June 2, 2022, found that Harder was required to repay $581 for the entirety of benefits received the week of September 5, 2020. The record shows that Harder filed an untimely appeal of the underlying April 26, 2022 agency determination that she had nonfraudulently misreported her earnings for the week

in question based on information received from an employer. That determination rendered her subject to the repayment of the excess benefits she received the week of September 5, 2020, and it provided information on appeal rights. The Board dismissed that underlying appeal, and that issue is not before us today. Therefore, we now address only the issue of repayment.

## II. *Standard of Review*

Board decisions are upheld if they are supported by substantial evidence. *Blanton v. Dir.*, 2019 Ark. App. 205, 575 S.W.3d 186. Substantial evidence is such relevant evidence that reasonable minds might accept as adequate to support a conclusion. *Id.* In appeals of unemployment-compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even if there is evidence that could support a different decision, our review is limited to whether the Board could have reasonably reached its decision as a result of the evidence presented. *Id.* However, our function on appeal is not merely to rubber-stamp decisions arising from the Board. *Thomas v. Dir.*, 2019 Ark. App. 468, 587 S.W.3d 612; *Wilson v. Dir.*, 2017 Ark. App. 171, 517 S.W.3d 427.

## III. *Analysis*

For purposes of overpayment of state unemployment benefits, the repayment may be waived "if the director finds that the overpayment was received as a direct result of an error by the Division of Workforce Services and that its recovery would be against equity and good conscience." *Carman v. Dir.*, 2023 Ark. App. 51, at 7, 660 S.W.3d 852, 857 (quoting Ark.

2

Code Ann. § 11-10-532(b)(2)(A) (Supp. 2021)). *Carman* also holds that federal unemployment benefits repayment may be waived if the State determines that the payment of the federal benefits was without fault on the part of the individual and that such repayment would be contrary to equity and good conscience. *Id.* at 8, 660 S.W.3d at 857 (citing 15 U.S.C. § 9023(f)(2)). Our decision in *Rush v. Director*, 2023 Ark. App. 276, 668 S.W.3d 520, confirms that the federal overpayment-waiver factors apply to LWA benefits.

In the present case, the Board found that the overpayment of benefits was a result of Harder's misreporting her earnings for the week in question. We hold that there is substantial evidence to support the Board's findings. Because Harder fails to satisfy the first prong of her state unemployment-waiver analysis, we affirm the decision requiring Harder to repay $281 in state unemployment benefits she received the week of September 5, 2020.

However, the Board failed to make any findings regarding the two prongs of the federal benefit-waiver analysis outlined in *Carman*. If adequate findings of fact are not made on the issue presented, we remand to the Board for findings of fact and conclusions of law on which to perform proper appellate review. *Pillow v. Dir.*, 2022 Ark. App. 341, at 4. We therefore remand to the Board for findings of fact and conclusions of law, utilizing the federal-waiver-analysis prongs, regarding repayment of the $300 in LWA Harder received the week of September 5, 2020.

Affirmed in part; remanded in part.

KLAPPENBACH and WOOD, JJ., agree.

*Vicki Harder*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.