Cite as 2026 Ark. App. 204

# ARKANSAS COURT OF APPEALS
DIVISION I
No. E-25-180

| | | |
|---|---|---|
| MATTHEW OSENG | | **Opinion Delivered** April 1, 2026 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2025-BR-00773] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | REVERSED AND REMANDED |
| | APPELLEE | |

**CASEY R. TUCKER, Judge**

Matthew Oseng (Oseng) appeals the decision of the Arkansas Board of Review (the Board) affirming the determination that Oseng was required to repay benefits he previously received in the amount of $2,464. We agree that the Board acted in haste and misstated the factual record developed during the Arkansas Appeal Tribunal (the Tribunal) hearing; thus, we reverse and remand for further proceedings consistent with this opinion.

Oseng was awarded benefits under Arkansas Code Annotated section 11-10-514(a) (Supp. 2025) on December 28, 2023. The employer filed a timely appeal. On January 2, 2024, the Tribunal reversed and denied Oseng benefits under Arkansas Code Annotated section 11-10-514(b). This resulted in a $2,464 overpayment of benefits to Oseng from October 15, 2023, through February 3, 2024. Following this determination, Oseng filed an

appeal to the Board, which was docketed as 2025-BR-00666. The Board dismissed the appeal as untimely, finding Oseng's untimeliness was not due to circumstances beyond his control.

On September 18, 2025, a notice of nonfraud overpayment determination was issued to Oseng, requiring him to repay the benefits he received under Arkansas Code Annotated section 11-10-532 (Supp. 2025), which provides in pertinent part:

> (b)(1) If the director finds that a person has received an amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person is liable to repay the amount to the Unemployment Compensation Fund.

It was determined that Oseng received benefits to which he was not entitled for reasons other than fraud. Oseng filed a timely notice of appeal to the Tribunal, which conducted a hearing on October 28, 2025, and affirmed the agency's determination. Again, Oseng, appealed to the Board, which affirmed the Tribunal's determination that Oseng was required to repay the benefits.

In the Board's order, it was stated that "[Oseng] was not at fault in causing the overpayment of benefits, but he must still show that requiring repayment would be against equity and good conscience. During the Tribunal hearing, [Oseng] offered no evidence as to why repaying the benefits would be against equity and good conscience. [Oseng] declined the opportunity to answer financial questions from the hearing officer about his ability to repay the benefits." However, upon a review of the transcript from the hearing on October 28, 2025, before the Tribunal hearing officer, Oseng answered specific questions regarding his financial status.

The following exchange occurred:

H. OFFICER:       --and the cause for the overpayment. But what we also do is go over your finances to see if you were required to pay it back if you have the means to pay it back at the moment. So, we can go over that now. So, are you currently employed?

CLAIMANT:         So, I'm unemployed now.

H. OFFICER:       Okay. Do you have any members in your household that are currently employed?

CLAIMANT:         So what does that have to do with – also no, no.

H. OFFICER:       Okay. Do you have any support – receive any kind of support or contributions from any person or agency?

CLAIMANT:         Oh, no. Like so I'm interviewing. So, like I'm interviewing for jobs right now.

H. OFFICER:       Uh-huh.

CLAIMANT:         Here in Texas. So, that's kind of where I'm at with my status is I'm currently unemployed, and I'm interviewing right now.

H. OFFICER:       Okay. Well, we'll go over the rest of these of what you have going out or what you have currently. Do you have a savings account currently?

CLAIMANT:         I – oh, no. I just have a checking account.

H. OFFICER:       Okay. Do you have stocks and bonds?

CLAIMANT:         No.

H. OFFICER:       Okay. Do you have any real estate other than what you may currently reside at?

CLAIMANT:         No.

3

H. OFFICER: Okay. Do you have a rent or mortgage payment you pay monthly?

CLAIMANT: So, I understand what you're doing here, but like if the whole reason I'm doing the appeal so –

H. OFFICER: Uh-huh.

CLAIMANT: --is to see if I can reverse it, if it's still in effect, I would just write a check for the total.

H. OFFICER: Okay. So, you don't want to do like the equity and good conscience. So, like this is --

CLAIMANT: Like I understand what you're doing, but like what I'd be doing is if I can't get it reversed based on the statements I make today–

H. Officer: Uh-huh.

CLAIMANT: -- then I'll just be writing a check for the total.

H. OFFICER: Okay.

CLAIMANT: So, like I don't need to like go into like –

H. OFFICER: Your finances and everything. Okay.

CLAIMANT: -- finances regarding the matter.

H. OFFICER: Okay. Yeah. And you –

CLAIMANT: I won't --

H. OFFICER: Okay. And you can appeal the decision made [by] the Appeal Tribunal on that one. It would be untimely, so, they would do a timely hearing at the Board of Review first, but like the decision that was made on that I can't reverse that. You know, the only thing I could do is maybe reverse the overpayment, but that would only be depending on your finances, but we will just leave those at that. So, is there anything else you want to state

4

about the overpayment that we've not yet addressed before we get to close the hearing?

CLAIMANT:     Yeah. So, like I don't need to go into finances.

And while Oseng may have stated that he did not need to review his finances, he had clearly answered all the questions posed by the hearing officer with regard to his ability to repay the money. He testified he was not employed, nor did he have a savings account or stocks and bonds, did not own real estate, and was not supported by any agency or other person. If adequate findings of fact are not made on the issue presented, we remand to the Board for it to provide findings of fact and conclusions of law for us to properly review the case. *Rush v. Dir.*, 2023 Ark. App. 276, 668 S.W.3d 520. "A conclusory statement by the Board that does not detail or analyze the facts upon which it is based is not sufficient." *Id.* at 6, 668 S.W.3d 524. While Oseng testified that he may write a check should he lose his appeal, the Board should determine whether requiring repayment would be against equity and good conscience given his financial situation.

Thus, we reverse and remand this matter for the Board to determine whether it would be against equity and good conscience to require repayment from Oseng.

Reversed and remanded.

HARRISON and WOOD, JJ., agree.

*Matthew Oseng*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee.